Nov. Term,
1836.

M'Kee
v.
Miller.

*J. Morrison,* for the plaintiff.
*W. Quarles,* for the defendant.

## M'Kee v. Miller and Another.

*A.* and *B.* entered into a written agreement, by which *A.* was to purchase 1,500 hogs, and deliver them to *B.* at a particular time and place, and at a specified price. The money necessary to buy the hogs was to be advanced by *B.* At the date of the contract, and in part-performance of it, *B.* advanced to *A.* 300 dollars; and *A.* gave to *B.* a promissory note for the amount, as an evidence merely of the receipt of the money. In consequence of the fault of *B.* in not afterwards advancing, according to his agreement, the residue of the money necessary for the purchase, *A.* was prevented from complying with his part of the contract.

*Held,* that a suit would not lie on the note for the want of consideration. *Held,* also, that *B.* could not under these circumstances recover the money advanced to *A.* in an action for money had and received, nor sustain an action against him on the special contract.

*Saturday,*
*December* 31.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—This was an action of debt, brought by *Miller* and *Lee* against *M'Kee* on a promissory note. The declaration shows, that the note was given by the defendant to the plaintiffs, at *Cincinnati,* on the 28th of *October,* 1835, for the sum of 300 dollars, and was payable on the 6th of *December* following. To this action, the defendant pleaded three special pleas in bar. There was a general demurrer to the pleas, and a judgment for the plaintiffs.

The first plea is obviously bad, and we shall take no further notice of it.

The third plea is as follows: The defendant says *actio non,* because he says that on the 28th of *October,* 1835, the parties entered into a written agreement, by which the defendant was to deliver to the plaintiffs, in *Cincinnati,* by the 6th of *December* in the same year, 1,500 hogs; that the defendant was to be paid for the hogs the prices which should be current at *Cincinnati* on the 18th of *November,* 1835; that to enable the defendant to buy the hogs of the farmers in the country, the plaintiffs advanced to him, at the time of the contract, the sum of 300 dollars, evidenced by the defendant's note of the

same date, and agreed to deliver to him at *Liberty* in this state, by the 20th of *November*, 1835, the residue of the money necessary for the purchase, and that he should be paid, on a final settlement, the balance due him. The plea then avers, that the note was given for no other cause than that mentioned in the agreement; that the plaintiffs neither did nor would deliver to the defendant, according to the agreement, the said residue of the money to buy the hogs; that the defendant, before the 20th of *November*, 1835, expended the money specified in the note, in securing in part-payment the hogs for the plaintiffs, but that on account of the plaintiffs' neglect and refusal to furnish the said residue of the money, he was compelled to abandon his contracts for the hogs, and could not fulfil his part of the agreement. Wherefore, &c.

The facts contained in this plea show, that the note upon which alone the suit is founded, was given without any valid consideration. The plaintiffs advanced the money to the defendant, in part-performance of a special contract; and the money was to be accounted for by him on a future settlement of the business contemplated by the contract. The note was not given in consideration of any benefit received by the defendant, nor of any injury sustained, at his instance, by the plaintiffs. It was executed merely as an evidence of the defendant's receipt of the money, for the purpose to which we have referred; and that is shown by the express language of the agreement which is copied into the plea. The cause, therefore, for which the note was given, is not sufficient to support the promise contained in it. We are of opinion, for these reasons, that the third plea in this case is a bar to the action.

The second plea is similar to the third one and is also valid.

If the plaintiffs have a right of action against the defendant, in consequence of his breach of the agreement under which he received the money in question, their redress must be sought by some other action than the present one, which is founded solely on the note. If the defendant, after the receipt of the 300 dollars, had improperly refused to proceed any further in the business, his default might have authorised the plaintiffs to consider the agreement as rescinded. In that case, the plaintiffs would have had a right to recover the money advanced to the defendant, by an action against him for money had and received. *Giles et al.* v. *Edwards*, 7 Term Rep. 177. But to

Nov. Term, 1836.

M'KEE
v.
MILLER.

enable the plaintiffs to pursue that remedy, they must have a very different case from the one exhibited by the record before us. If the defendant's non-performance of his part of the agreement, was entirely owing to the fault of the plaintiffs, they cannot support an action for the money which they advanced to him under that agreement. This doctrine is proved by the following case:

*Evertson* entered into a written agreement with *Ketchum* and *Sweet,* by which he agreed to sell them a certain tract of land for 6,000 dollars. A part of the purchase-money, viz. 700 dollars, was to be paid within a few months after the date of the agreement, and the residue in three annual instalments. The deed was to be executed on the payment of the 700 dollars. At the time appointed, the 700 dollars were paid, and the vendor deposited the deed at the time and place designated by the agreement. The purchasers, afterwards, refused to receive the deed, or to have any thing more to do with the contract, and instituted an action for money had and received against the vendor, to recover back the 700 dollars. The decision of the Court was against the plaintiffs. The action was brought by the persons who had, by their own breach of the agreement, prevented a performance by the defendant of his part of it, and they could not therefore recover against him. The Court in that case says,—"It would be an alarming doctrine to hold, that the plaintiffs might violate the contract, and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have." *Ketchum et al.* v. *Evertson,* 13 Johns. Rep. 359.

The *English* Court of Common Pleas, it is true, has given a different decision, in a case similar in principle to the one we have just cited. The case was this: A loan-contractor gave to the lender scrip receipts, showing a deposite in respect of a certain amount of *Neapolitan* stock, and entitling the bearer of the receipts to a certificate for that amount of stock, upon payment of the balance by a certain time; but there was no stipulation that the deposite should be forfeited if the balance were not paid. The balance was not paid, and the holder of the receipts sued the contractor for the amount of the deposite,

in an action for money had and received. The Court of Common Pleas held, that the action could be sustained. *Hennings* v. *Rothchild*, 4 Bingh. 315. But there was a writ of error to this judgment, and the Court of King's Bench reversed it. The Court in error said that time, in that case, was of the essence of the contract; and they also said, "that the claim of the plaintiff below to a return of the deposite, as being retained by the defendant without consideration, could not be maintained, because the plaintiff had full consideration for the deposite, in the option which the scrip receipts gave him, to become the proprietor of so much stock by payment of the balance of the price on the day named; and this was not the less a consideration, because the plaintiff did not think fit to avail himself of the option." *Rothschild* v. *Hennings*, 9 Barn. & Cress. 470. This opinion of the King's Bench, is founded on a decision of the Court of Chancery precisely in point. *Doloret* v. *Rothschild*, 1 Simons & Stuart, 590.

These decisions in *New-York* and in the *English* Courts of King's Bench and Chancery directly show, that upon the facts contained in the record before us, the defendant below is not liable to the plaintiffs for the money advanced upon the contract, in an action for money had and received.

The same objection which is fatal to that action,—viz. the plaintiffs' non-performance of the precedent condition, would also prevent their recovery in a special action on the agreement. They could not expect to recover damages for the defendant's non-performance of his part of the agreement, when the facts prove that they themselves were the sole cause of the breach of contract of which they complain.

The remarks which we have thus made with respect to an action for money had and received, and to a special action on the agreement, are not strictly applicable to the present cause, as it is presented to us by the pleadings. We have thought, however, that it would not be improper to make them, as it is probable, from the course taken in the argument, that the parties may wish and expect to have our opinion on the subject. The real question which we are required by this cause to decide is, whether the defendant's second and third pleas show, that the note declared on is without consideration? That question, as we have already said, must be decided in the affirmative.

29

Nov. Term,    *Per Curiam.*—The judgment is reversed with costs.    Cause
1836.       remanded, &c.

HARRISON      *O. H. Smith*, for the plaintiff.
v.          *J. Perry*, for the defendants. .
HIXON.