STIPP
v.
THE WASH-
INGTON-HALL
COMPANY.

C. P. *Hester*, for the appellant.

D. *M'Donald*, for the appellee.

(1) *Sed vide Jones* v. *Hoar*, 5 Pick. 285.—4 Phill. Ev. 110, Amer. ed., 1839.

---

## STIPP *v.* THE WASHINGTON-HALL COMPANY.

To an action for work and labour, the defendant pleaded a submission and an award. The replication, after protesting against the submission, traversed the award. *Held*, that the submission was admitted by the replication.

*Held*, also, that the validity of the award was not affected by its having appended to it an explanation of a matter not acted upon by the arbitrators, nor embraced in the submission.

*Held*, also, that the parties would be estopped from afterwards contesting the validity of the award,—that matter being in issue and established in this case.

*Tuesday,*
*November 20.*

ERROR to the *Marion* Circuit Court.

DEWEY, J.—Assumpsit for work and labour, materials furnished, &c., by *Stipp* against *The Washington-Hall Company.* Plea, that the matters contained in the declaration, (and other subjects of controversy between the parties,) were by them submitted to the arbitrament and determination of certain persons mutually chosen ; and that the arbitrators made their final award in the premises, whereby they determined that *The Washington-Hall Company* should pay to *Stipp* a certain sum of money, which he should receive in full satisfaction of

Nov. Term, 1838.

STIPP
v.
THE WASH-
INGTON-HALL
COMPANY.

all matters submitted. The plea recites the terms of submission and the introductory part of the award, by which it appears that the arbitrators took into consideration all the matters submitted to them, and no more. The replication, after protesting against the submission to arbitration as alleged in the plea, traverses the award, upon which issue is joined. Verdict and judgment for the defendants.

It appears by a bill of exceptions, that the plaintiff objected to the admission in evidence of the agreement of submission, and the award; but the execution of both having been proved, they were permitted to go to the jury.

The plaintiff in error raises two objections to the decision of the Court in admitting the above evidence. 1. That the agreement of submission was not entered into on the part of the corporation under seal; and that as it was not therefore binding upon them, it was not obligatory upon him; and 2. That the award is not final.

The question presented by the first objection, were it before us, might be attended with some difficulty, but the state of the pleading excludes it from our consideration. "It is a rule, that every pleading is taken to confess such traversable matters alleged on the other side as it does not traverse." Steph. Pl. 3 Am. ed. 217. Protestations (which are now abolished in *England*) against such traversable matter do not destroy the efficacy of this rule; their effect on the suit in which they are made, is to admit the truth of the allegation protested against, and to supersede the necessity of proof upon that subject. 1 Chitt. Pl. 7 Am. ed. 650. In this case, the existence of the agreement to submit the matters in controversy to arbitration as alleged in the plea not being denied by the replication, but virtually admitted, the evidence on that point, which was given to the jury, was perfectly immaterial, and in admitting it the Court could commit no error.

The objection against the award is founded upon an explanation by the arbitrators appended to it, which, the plaintiff in error contends, shows that it was not final between the parties, a certain matter referred to in the explanation not having been considered by the arbitrators in making the award. We think differently. The excluded matter appears not to have subsisted between these parties, and not to have been embraced in the agreement of submission.

Nov. Term,
1838.

Whatever objections the parties, or either of them, might have originally urged against the validity of the award, they will be hereafter estopped from contesting that matter, as they have made it a point at issue in this cause (1).

*Per Curiam.*—The judgment is affirmed with costs.

*P. Sweetser,* for the plaintiff.

*J. Morrison, C. Fletcher,* and *O. Butler,* for the defendants.

(1) Vide *Stipp* v. *The Washington-Hall Company, post, Nov.* term, 1840.