### Mc Clung & Co. v. Lyster.

In a compromise by which the creditor argrees to take in satisfaction, less than the amount his due, if the debtor fails to comply with the terms of the compromise, the creditor is entitled to the full amount of his claim. (a)

### Error to *Mahaska District Court.*

*Opinion by* Kinney, J. The plaintiffs filed claims to a large amount, against the estate of Smith, before the probate judge. Trial had, and fourteen hundred and sixty-two dollars and ninty-eight cents allowed as third class debts. The administrator appealed, and during the pendency of the cause in the district court, the following agreement was entered into :

It is hereby agreed between the parties, that the following are the facts, and that they shall govern the decision in this case, as follows, to-wit : That the plaintiffs are the holders of certain promissory notes given by the defendant's intestate mentioned and set forth in the transcript of the probate court. That on the 27th day of September, 1849, a compromise was agreed upon between plaintiffs and defendant's intestate, whereby defendant's intestate agreed to pay certain sums of money to the plaintiffs, in the manner and upon the terms and conditions mentioned in a certain receipt, signed by Seevers and Temple, attorneys for plaintiffs, dated September 27, 1849, among the papers, and that the draft mentioned in said receipt was presented to Wade, Stille & Co., on the 23d day of October, 1849, who then paid the plaintiffs, on the same, $421 74, and that the residue of the same has never been paid ; that said Wade, Stille & Co., as well as the plaintiffs, reside in St. Louis ; that upon the presentment and new payment of said draft said plaintiffs informed the attorney's, Seevers and

(a) *Funduss* v. *Markle,* 2 G. Greene, 553 ; ——— v. ——— *ante.*

McClung *v.* Lyster.

Temple, of the fact by letter, and that said Seevers, as attorney for said plaintiffs, thereupon informed defendant's intestate that said draft had not been paid by Wade, Stille & Co., as herein set forth, and requested said defendant's intestate to pay the residue of said draft, amounting to $39 88, which defendant's intestate refused to do, saying that he had already paid enough; that the plaintiffs had received previous to the commencement of this suit in Probate Court, all the money mentioned in said receipt signed by Seevers and Temple, attorneys for plaintiffs, dated September 27th, 1849, excepting the above mentioned sum of $39 88, still remaining unpaid on said draft, and that they have never offered to pay the same back to the defendant or his intestate, and that the following is a copy of the draft and endorsement herein referred to :

" MESSRS. WADE, STILLE & Co.,

Please pay Morgan Mc Clung & Co., or order four hundred and seventy-one dollars and sixty-two cents, and charge the same to yours.      M. L. SMITH.
Sept. 27th, 1849."

Endorsed on the back :
" Received on account of the within draft, four hundred and twenty-one and seventy-four one hundreth dollars.
MORGAN McCLUNG & CO.
October 23, 1849."

The following is the receipt referred to in the above agreement, which was executed at the time the draft was given :

" 1849, Sept. 27th.   Received of Matthew L. Smith, a draft on Wade, Stille & Co., for four hundred and sixtyone dollars and sixty two cents, and one hundred and ninety-one dollars and twenty-eight cents in cash ; and six hundred fifty-two dollars and ninety cents by note, and

mortgage on Thomas Tallman, and when the above draft on Wade, Stille & Co., is paid, then the said Smith to be released from all liability on the within described notes, given to Morgan McClung & Co., signed,

SEEVERS & TEMPLE,

Attorneys for Morgan McClung.

The court rendered a judgment, affirming the allowance of the probate court, of all notes and demands not mentioned and included in the above receipt, and reversing the allowance of all demands embraced in said receipt. The question raised by that part of the decision reversing the allowance of the probate court, is this : As the draft was not all paid, have McClung & Co., a right to resort to their original demand, treating so much as was paid on the draft as credit upon the amount due from the estate ? To settle this question it is only necessary to ascertain the condition upon which the deceased was to have been released from all liability. It is not denied but that he justly owed the plaintiffs a large amount over and above what they received in the compromise. If no compromise had been entered into, the defendant's intestate was legally liable for the whole amount.

An arrangement was made by which the debtor was to be greatly benefitted by being released from the payment of a portion of his just debts ; but by the very terms of the contract, this release was upon one condition, which was the payment of the draft received on Wade, Stille & Co., which formed a part of the compromise payment. This draft was not all paid. That fact was communicated to the debtor, and payment of the residue requested, which was refused. No objection was made to the manner of notice. Upon such refusal, it was the privilege of the plaintiffs to claim the balance due thereafter, deducting the amount received ; and this is upon the plainest principles of justice and common sense. It is a matter of favor altogether, that

McClung v. Lyster.

the plaintiffs agreed to accept a less amount for the whole. There is no evidence that Smith was in failing circumstances, or that it was for the interest of McClung & Co., to enter into the compromise. The amount due the plaintiffs was certain, fixed, and liquidated, and hence it was not for the purpose of settling a disputed or litigated claim that the compromise was agreed upon.

The compromise then, for ought that appears, was purely for the benefit of the debtor. As it failed by reason of his negligence, McClung & Co., by insisting upon the amount actually due them, only obtain that which they are legally and honestly entitled to, and the estate is only called upon to pay a just debt.

But, it is said, that the plaintiffs must rescind and re urn all they have received. This rule does not obtain in cases like the present. It was no fault of the plaintiffs that the draft was not paid, and the defendants discharged from liability, but as we have said, the fault of the debtor; he fai ed to make the compromise effectual. The plaintiffs, by retaining the amount received, only keep what they are justly entitled to. It is admitted in the agreement that the money was received on the note secured by mortgage, mentioned in the receipt. We see no propriety in requiring plaintiffs to return money paid toward satisfying a just debt, and which, if returned, could be recovered back. It was the intestate who forfeited the contract, and it is the privilege, though not the duty, of the plaintiffs to rescind.

After a consideration of a series of well considered cases, involving principles similar to those contained in the cases before us, we have no difficulty in coming to the conclusion that McClung & Co., are entitled to an allowance of their claims against the estate, the same as though the recci t had not been given, by deducting the amount they have received. *Cumber* v. *Wade*, 1 Smith. Leading Cases, 320; *Fitch* v. *Sutlow*, 5 East. 230; 5 Blackf. 17; 10 N. II. 505; 4 Watts. 452; 9 ib. 273; 5 Wheat. 487; *Cutler* v. *Powell*,

L

2 Smith's Leading Cases, 1, and notes; 4 Blackf. 222; 9 Mass. 78; 15 ib 500; Chitty on Con. 737–41–60.

*W. H. Seevers*, for plaintiffs in error.

*W. T. Smith*, for defendant.