May Term,
1856.

MOORE *v.* THE BOARD OF TRUSTEES OF THE WABASH
AND ERIE CANAL.

MOORE
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

While the *Wabash and Erie Canal* belonged to the state, the state was exempt, by virtue of her sovereignty, from any suit by reason of its mismanagement; but to effect a great object, namely, the relief of the people from a large part of the public debt, she has transferred her property in the canal to a corporation created by herself, to-wit, the board of trustees of said canal, in which corporation, by virtue of the act of transfer, she has become an associate with her creditors.

The circumstance that the board of trustees of the *Wabash and Erie Canal* were created a corporation by the state, and that the state is a member of the corporation, does not protect the corporation against suits and their incidents.

The state has communicated none of its privileges or prerogatives to the board of trustees of the *Wabash and Erie Canal,* but has placed that corporation on the same level as that of other corporate bodies.

A government, as a member of a corporation, never exercises its sovereignty; it acts merely as a corporator, and exercises no other powers in the management of the corporate affairs than are expressly conferred by the act of incorporation.

The board of trustees of the *Wabash and Erie Canal* are not liable for a failure or neglect to repair the canal, at the suit of an individual who grounds his action alone on such failure; but if he has sustained special damages, not common to all others, he may bring his action.

Complaint against the board of trustees of the *Wabash and Erie Canal,* alleging, in substance, that the plaintiff had paid the defendants 3,000 dollars, in consideration of which he became and was entitled to navigate said canal during the year 1854, and for which it became and was the duty of the defendants to put and keep the canal in navigable order; yet that they did not put and had not kept the same in navigable order, &c., whereby the plaintiff, although always ready, &c., could not and did not navigate the canal, although the defendants had received their toll as aforesaid, &c. *Held,* on demurrer, that the complaint contained a good cause of action.

Thursday,
May 29.

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—The complaint charges that the defendants are, and for the last eight years have been, the owners of the *Wabash and Erie Canal,* which was constructed, used, and to be used for the purpose of navigation, with proper boats, &c., and the transportation of passengers, produce, goods, &c., in, through and along the same, for which the defendants charged and received toll; and that being the owners and in possession thereof, it became their duty to take charge of said canal and keep it in order for naviga-

May Term,
1856.

MOORE
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

tion and transportation as aforesaid; that in consequence of the defendants so owning and possessing the canal, and so holding out the same to the public for the purpose aforesaid for toll, the plaintiff constructed, purchased and owned divers suitable boats, &c., for navigating the same, and particularly the canal boat called "*Wing and Wing;*" with which boats, &c., the plaintiff, during all seasons of the year 1854, from the 1st day of *March* to the commencement of this suit, navigated, attempted to navigate, and was ready to navigate, said canal, for the purposes of transportation; and during which time, the plaintiff paid the defendants a large amount of toll, to-wit, 3,000 dollars; in consideration of which he became and was entitled to navigate the same, during that season, with his boat "*Wing and Wing,*" and other vessels; and for which, it became and was the duty of the defendants to put and keep said canal in navigable order. Yet, the complaint alleges, that they did not put, nor have they kept the same in such order, but during all said time, have negligently and wrongfully suffered the canal to break, remain broken, and out of navigable order, in divers places; and have suffered the locks therein to dilapidate and remain unfit for use; have failed and refused to repair culverts and other attachments to the canal; and have refused to keep it supplied with water, when there was plenty of water for such use, during that time; but have leased the water to divers mills, &c., along the canal, when the same was necessary for its navigation; have allowed it to fill up, be obstructed with sand, logs, drift, and other obstacles, and so to remain obstructed during all the time aforesaid. By means of which breaches of duty, wrongs and injuries, done, and suffered to be done, by the defendants, said canal became and remained out of navigable order, &c.; whereby the plaintiff, although always ready with his boat "*Wing and Wing,*" and other boats, properly manned, &c., could not and did not navigate said canal by reason thereof, although the defendants have received their toll as aforesaid. And by reason of the wrongs and injuries so done by the defendants, the plaintiff was delayed, detained

May Term,
1856.

MOORE
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

and wholly prevented from navigating the same; to his great injury, &c., wherefore, &c.

The defendants demurred to the complaint, their demurrer was sustained, and judgment was accordingly rendered, &c. The plaintiff appeals to this Court.

By an act approved *January* 19, 1846, entitled " An act to provide for the funded debt of the state of *Indiana* and for the completion of the *Wabash and Erie Canal* to *Evansville*," the defendants, two of whom derive their appointment as trustees from the public creditors, and the other from the state legislature, were created a corporation, and as such, it is conceded, they are capable of suing and being sued. The general object of this, and a supplementary act approved *January* 27, 1847, was the relief of the state from one half of her unfunded debt, with interest thereon since the year 1841, by surrendering the canal and its various attaching interests to said creditors. The defendants, in their corporate name, hold a deed, made pursuant to the eighth section of the act of 1846, for the bed of the canal, with its appurtenances, and all title and interest of the state in and to the same, in trust for certain purposes therein enumerated. And further, the above enactments provide, *inter alia*, that the "canal shall be deemed and taken to be a public highway, and shall be free to all persons to pass and repass with their boats or other water craft," such persons conforming to the rules and regulations established, and paying such uniform tolls as may be required. The trustees shall from time to time establish a tariff of tolls on said canal, and receive all its tolls and revenues, "and do all acts needful and proper in and about its care and preservation." And power is given them "to establish such reasonable rules," &c., "in relation to the collection of tolls, transportation on the canal, the conduct of boats and rafts, and the general police of said canal, as are usual or may be found necessary, and to enforce the observation of the same." And out of the tolls and revenues of the canal, the trustees "shall first defray all needful expenses for repairs, and other necessary things appertaining thereto."

May Term, 1856.

Moore
v.
The Board
of Trustees
of the Wa-
bash and
Erie Canal.

It is further provided that "the state may, at any time, file her bill in chancery in the *Marion*, or any other Circuit Court in this state, against the trustees, to enjoin them from any violation of said trust, and also to compel them to execute the same," and that the trust, on certain contingencies named in the act, shall cease and determine.

These, it is believed, are the only statutory provisions which mainly relate to the subject under consideration. In support of the demurrer it is contended, "that the state, before the transfer of her interest in the canal, was not amenable to a civil action of this description; that she has a reversionary interest in the property; that the defendants are public agents, charged with its management for her benefit as well as that of her creditors; and there is nothing in the act of transfer which contemplates a civil action against the trustees for mere negligence in the management of the trust, to be brought by an individual, or in other words, which in this respect gives an action against the trustees, which before could not be brought against the state." This reasoning, though ingenious, is not strictly correct. While the canal belonged to the state, she could not, on account of her sovereignty, be sued for its mismanagement; but to effect a great object, namely, the relief of the people from a large portion of the public debt, the state has transferred her property in the canal to a corporation created by herself, in which, by the act of transfer, she became an associate with her creditors. Various branches of the enactments to which we have referred, plainly uphold this conclusion; for instance, she appoints one trustee, and they two. Indeed, the obvious purposes for which the trust was created, at once show that it was intended for the mutual benefit of the state and her creditors. "As a member of a corporation, a government never exercises its sovereignty; it acts merely as a corporator, and exercises no other powers in the management of the affairs of the corporation than are expressly given by the incorporating act." 9 Wheat. 904.—5 Peters' Cond. R. 796. In relation to this canal, the state has divested herself of her sovereign character, and for its management

May Term,
1856.

MOORE
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

and control has, in express terms, made the defendants a corporation, which carries with it, as an inseparable incident, the right to sue and liability to be sued. *Angell* and *Ames* on Corp., pp. 82, 83. And though the state was not, in respect to the canal, prior to its transfer, liable to be sued, yet having made the corporation and being a member of it, will not protect it against a suit and all its incidents. 10 Ohio 476. The state has communicated none of her privileges and prerogatives to this corporation; but has placed it on the same level as other corporate bodies. 3 McCord 377. True, where a corporation is a grant of political power, a civil institution to be employed in the administration of the government, or its whole funds belong to the public, it may not be subject to the action of a private individual; but here the object of the grant of power was not only the relief of the state, but to enable her creditors to collect their respective demands. These demands are private property; and until they are paid, the whole of the property to be managed by the corporation, belongs to the public creditors. Nor do we perceive anything in the mere fact that the state, on a contingency, may have a reversionary interest in the corporate property, inconsistent with the position that the defendants are a private company, and liable to a civil action.

But the main point of inquiry is, can the present suit be maintained? For the mere failure or neglect to repair the canal or keep it in navigable order, it seems to us, the trustees are not liable, at the suit of an individual who grounds his action alone on such failure, without alleging and proving some special damage to himself, not common to all others who have the right to navigate the canal. In *The Proprietors of Quincy Canal* v. *Newcomb*, 7 Met. 276, in which the point now under consideration is discussed, the Court say, if, from the filling up and want of cleansing of the canal, *Newcomb* was unable to enter with a vessel, &c., and thereby suffered damage, it was a damage suffered in common with all other members of the community, and therefore redress must be sought by a public prosecution. " Where one suffers in common with all the

public, still he can not have an action, because it would cause such a multiplicity of suits as to be itself an intolerable evil. But when he sustains a special damage, differing in kind from that which is common to others, then he may bring his action." *Stetson* v. *Faxon,* 19 Pick. 147. This, in our opinion, is a correct exposition of the law. If, in the case before us, the plaintiff had entered the canal with his boat, and while there, had sustained special damage, arising from the want of due care in keeping it in navigable order, he might be entitled to recover; but to that effect there is no sufficient averment in the complaint.

MOORE
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

There is, however, one ground upon which the decision of the Circuit Court must be held erroneous. It is averred that the plaintiff paid the defendants 3,000 dollars, in consideration of which he became and was entitled to navigate said canal during the year 1854, and for which it became and was the duty of the defendants to put and keep the canal in navigable order; yet they did not put and have not kept the same in such order, &c., whereby the plaintiff, although always ready, &c., could not and did not navigate said canal, by reason thereof, although the defendants had received their toll as aforesaid. The demurrer admits this charge to be true, and we are inclined to hold it a good cause of action. Having received their toll in advance, they were bound to keep the canal in such condition as would enable the plaintiff to use it with safety to his boat and cargo; and having neglected to do so, the consideration upon which he paid his money has failed. The principle of law applicable to this branch of the case, at once determines the plaintiff's right to recover the amount actually received by the corporation. 12 Johns. R. 274.—*Id.* 363.—8 Blackf. 500.

The demurrer should have been overruled.

GOOKINS, J., was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. P. Biddle* and *B. W. Peters,* for the appellant.

*D. D. Pratt* and *S. C. Taber,* for the appellees.