GILLET, Administrator of CLEMENS, *against* MAYNARD.

THIS was an action of *assumpsit* for money had and received to the use of the plaintiff; and for work and labour performed, money lent, &c. Plea, *non assumpsit.* The cause was tried at the *Oneida* circuit, in *June*, 1809, before Mr. Justice *Yates.*

At the trial, the plaintiff offered to give in evidence a *parol* contract, between the intestate and the defendant, for the sale of 100 acres of land, and that a sum of money had been paid by the intestate, and who had, after the making of the contract, and while in possession of the land, under the contract of sale, performed labour in clearing it, and that the defendant had since violated and abandoned the contract. The counsel for the defendant objected to this evidence, but the judge admitted it, subject to the opinion of the court upon the facts as they should appear on the evidence. The plaintiff then proved, that in *May*, 1803, *Clemens*, the intestate, made a parol contract with the defendant, for the purchase of 100 acres of land, in the *Oneida* reservation,

*A.* entered into a parol agreement, in 1803, with *B.* for the purchase of 100 acres of land. *A.* took possession of the land, and paid part of the purchase-money, and cleared a part of the land, and made improvements, and died in 1807. His administrator tendered the residue of the purchase-money, and demanded a deed; but *B.* refused to receive the money or execute a deed, and took possession of the land. The administrator of *A.* then brought an action of *assumpsit* against *B.* to recover back the money paid by the intestate; and also for the work and labour per-

formed by the intestate, and improvements made on the land, in his life-time, and while in possession. It was held, that the contract was rescinded, and that the plaintiff was entitled to recover back the money paid by the intestate, with interest; but not any damages for the labour he had bestowed, or the improvements he had made on the land.

at 8 dollars per acre. Twenty dollars were paid, and one-half of the purchase-money was to be paid in 1812, when the defendant's bond and mortgage, given to the state for the land, became due, and the residue in a reasonable time thereafter. This was proved by a witness who was present at the conversations between the intestate and the defendant, and while the former was in possession of the land. It appeared also, that the intestate, in 1803, sold 50 acres of the land to *A. C.* who agreed to pay the purchase-money to the defendant, and who accordingly paid him 133 dollars. In *November*, 1807, the plaintiff called on the defendant, who exhibited to him an account, in which he acknowledged that he had received of the intestate various payments on account of the land, making the sum of 188 dollars, and with the interest, amounting to 263 dollars and 36 cents. It was also proved, that the intestate cleared, inclosed and sowed eight acres of the land. In the autumn of 1807, the plaintiff offered to pay the defendant 24 dollars and 60 cents, on account of the 50 acres possessed by the intestate, which the defendant refused to receive; and when the plaintiff demanded a deed, he refused to give any, or to do any thing about it. In *December* following, the plaintiff made a formal tender of the money, and demanded a deed; but the defendant would not receive it, or execute a deed.

The defendant proved, that the intestate, by his agreement, was to pay 400 dollars in 1803, and that the residue of the purchase-money was to be secured by bond and mortgage, and the deed to be given when the first payment was made : that in the autumn of 1807, the defendant took possession of the 50 acres, which the intestate had possessed, and sold them to another person.

The judge charged the jury, that the plaintiff was entitled to recover, not only for the money paid by the intestate, but also for the clearing and improvements on

the land. The jury found a verdict, accordingly, for 413 dollars and 36 cents.

A motion was made to set aside the verdict; and the case was submitted to the court, without argument.

THOMPSON, J. delivered the opinion of the court. This was an action for money had and received, and for work, labour and services. The object of the suit, as appears by the case, was to recover back money paid by the intestate to the defendant, on a parol contract for the purchase of a tract of land, which contract had never been fully executed; and also to recover compensation for the improvements made by the intestate, while in possession of the land under such contract. It does not satisfactorily appear from the case, what were the precise terms of the contract, made in the year 1803. It is obvious, however, from what passed between the parties in the spring of 1807, that neither of them pretended that the terms of the contract had been complied with. The conduct of the defendant can be viewed in no other light than as a relinquishment of the contract. He refused to receive any more money from the plaintiff. He took back the possession of the premises, which had previously been in the possession of the intestate; offered them for sale, and actually delivered over the possession to a third person. These acts are altogether inconsistent with a claim to have the contract completed. If the contract be considered as rescinded, no doubt can be entertained but that the plaintiff is entitled to recover back the money paid by the intestate. The case of *Towers* v. *Barrett* (1 *Term Rep.* 133.) fully establishes the principle, that *assumpsit* for money had and received lies to recover back money paid, on a contract which is put an end to; either where, by the terms of the contract, it is left in the plaintiff's power to rescind it, by any act, and he does it, or where

the defendant afterwards assents to its being rescinded. I see no ground, therefore, upon which the defendant can resist a reimbursement of the sums he has received as a payment upon the contract, which he has himself put an end to. The plaintiff, however, ought not to have recovered any compensation for the improvements. There was no express or implied undertaking by the defendant to pay for them. When the work was done by the intestate, it was for his own benefit; and if he voluntarily abandoned his contract, without any stipulation as to the improvements, he must be deemed to have waived all claim to any compensation for them.

The verdict ought, therefore, to be reduced to 263 dollars and 36 cents, being the money actually advanced, and the interest. Upon the plaintiff's consenting to take judgment for that sum only, and to remit the residue, the motion on the part of the defendant will be denied; otherwise it is granted with costs to abide the event.

Judgment accordingly.