Putnam, J.
The decisions upon this subject are contradictory. In the cases of Walker vs. Constable, (1) and Tappendall vs. Randall, (2) the Court were of opinion that, in an action for money had and received, the plaintiff should recover nothing but the net sum received, without interest. This opinion was grounded on the case of Moses vs. M’Ferlan; (3) and in that case the point was incidentally decided. Lord Mansfield is there reported to have said, that “ this form of action is the most favorable way in which a defendant can be sued; he can be liable no further than the money he has received.” His lordship states the case of Dutch vs. Warren, where the plaintiff had paid the defendant 2121. 10s., and he was to transfer to the plaintiff five shares in the Welsh copper mines at the opening of the books, but neglected it; that the plaintiff in that case recovered only 175Z., being the value of the stock when it should have been transferred ; and he added, “ If the shares had been of much more value, yet the plaintiff * could [ * 505 ] only have recovered the 2121. 10s. in this form of action.”
Lord Ellenborough
thought that interest ought to be allowed only in cases where there was a contract to pay on a day certain; or where there had been an express promise to pay it; or where, from the course of dealing between the parties, it might be inferred that this was their intention; or where the defendant had used the money. (4) The same judge would not allow interest, altl rough the defendant had obtained the money for forgery ; being of opinion that 'fraud did not take the case out of the rule he had before laid down. (5)
This seems to have been approved by the Court of King’s Bench; (6) with a limitation, however, of the rule, where the money was to be paid .on a day certain, to written instruments; (7) and the Court refused to allow interest after the expiration of the day on which payment should have been made for goods sold and delivered.
But it was formerly held, that interest should be allowed on all liquidated sums, from the instant the principal became payable, and also on money lent; (8) and that money laid out for another’s use stands precisely on the same ground of reason, justice, and equity. (9)
*454 In the case of Robinson vs. Bland, before cited, there was a count for money had and received, and another for money lent. There was a general verdict; and the court did not make any distinction between those counts, in respect to the allowance of interest.
The rule in equity is to allow interest. (10) In the case now cited, the plaintiff recovered 12 per cent., the Indian interest, the matter having been transacted in India; and the court said, “ If a man has money by way of loan, he ought to answer interest; but if he detains my money wrongfully, he ought a fortiori to answer interest; and it is still stronger, when one by wrong takes from me my money or my goods, which I am trading with, in order to turn them into money.” And we are disposed to [ * 506 ] say *that it is still stronger when one obtains money or goods from another by fraud and imposition.
This question has met with different decisions in the United States. In Pennsylvania, it has been held that money received, as well as paid, by mistake, without fraud, does not carry interest. (11) But it is settled that interest is now recoverable there for money lent, (12) and for a balance ascertained by an auditor, (13) and against a man who receives the property of another, and holds it against his consent. (14)
In New York, interest has been allowed in this form of action, where the money was paid upon a contract which was rescinded by the other party; (15) and it may or may not be recoverable there, according to circumstances proved; (16) and it is to be re covered, where one converts money of another to his own use, from the time when it ought to have been paid over. (17)
In this state, there has not been any distinction made, as to the allowance of interest, between the cases of money had and received and the other money counts. It has been allowed in this form of action, where it was grounded on a misapplication of money paid in trust; thus, where the defendant had received money to be endorsed upon a note in his hands for collection against the plaintiff, and omitted to do it, and sued the plaintiff, and recovered judgment for the whole note, the defendant was charged with interest from tho time he received the money to the time of the verdict. (18)
Upon a review of the adjudged cases, and the reason of the thing, *455 we are all satisfied that, in the case at bar, where the defendant obtained the plaintiff’s money by fraud and imposition, interest ought to be allowed from the receipt of the money, and not merely from the service of the writ. There may be cases where interest ought not to be allowed; as where the defendant has holden the money as a stakeholder, ready to be paid to the party entitled. But where the defendant has fraudulently obtained the money, or wrongfully detained it, he must be charged with interest.
*Let the verdict be amended, according to the agree- [ *507 ] ment in this case, by adding to the sum found by it 201 dollars 94 cents, the amount of the interest from the receipt of the money to the service of the writ, and let judgment be entered for the sum of 1235 dollars 28 cents, according to the verdict so amended, (a)

 B. & P. 307.

 2 B. & P. 472.

 2 Burr. 1010.

 1 Campbell, 50, De Haviland vs. Bowerbank.

 Ibid. 129, Crockford vs. Winter.

 2 Campbell., 427, De Bernales vs. Fuller & Al.

 Ibid. 430, in notis, Gordon vs. Swan. — 3 Wils. 206, S. P.

 2 Bl. Rep. 761, Blancy vs. Kendrick. — 2 Burr. 1077, Robinson vs. Bland. Bul. N. P. 274, S. C.

 1 H. Black. 305, Trelawney vs. Thomas.

 1 P. Will. 396, Elkins vs. The East India Company

 1 Dallas, 50, Jacobs vs. Adams.

 1 Binney, 494, Dilworth vs. Sinderling

 4 Dall. 287, 290.

 3 Binney, 121, Commonwealth vs. Crevor.

 5 Johns. 88, Gillet vs. Mainard.

 3 Caines, 266, Pease vs. Barber.

9"> 9 Johns. 71, The People vs. Gasherie.

 7 Mass. Rep. 24, Fowler vs. Shearer.

 Amot vs. Redfem Bl. 3 Bingh. 353. — In England,, interest is not, in general, recoverable in an action for money had and received. — De Bernales vs. Fuller, 2 Camp. 426. —De Havelland vs. Bowerbank, 1 Camp. 50. — Crockford vs. Winter, 1 Camp. 129. — Calton vs. Bragg, 15 East, 224. — Higgins vs. Sargeant, 2 B. & C. 351. — See Winthrop vs. Cartelon, 12 Mass. Rep. 4. — Walker vs. Bradley, 3 Pick. 261