Turley, J.
delivered the opinion of the court.
This is an action brought by the plaintiff to recover a sum of money paid as the consideration of the purchase of an ice-house and lot, upon two grounds: First, that the contract is void by the operation of the statute of frauds and perjuries; second, that the defendant had not, at the time of the sale, nor yet has, any title to the property sold.
It appears from the proof that the plaintiff and one R. Oliver had purchased from the defendant a quantity of groceries and an ice-house and lot, and that R. P. Neily, at the request of both parties, made out an invoice or memorandum of the different articles, which was headed with the following words: “Invoice of articles purchased by S. Pipkin and R. Oliver of Wm. R. James, this 29th August, 1836.” After enumerating a variety of articles, the concluding item in the invoice is in the words and figures- following: “One ice-house and lot, $140.” This is the only note or memorandum of the contract signed, either by the parties or any other person authorized by them. A few days after this contract was made R. Oliver became dissatisfied with it, and Isaiah Flinn agreed to take his place, and the notes of Pipkin and Flinn were executed to the defendant for the purchase money, which were paid before the commencement of this action. It also appears from the proof that the defendant had not at the time of the contract, or at the commencement of this suit, any title whatever to the lot of ground upon which the ice-house was built, and had refused to give any bond binding himself to convey the same to the plaintiff. Upon this state of facts, the two questions are presented for the consideration of the court. First, is the contract for the purchase of the ice-house and lot void by the operation of the statute of frauds and perjuries? We think it is. The statute provides that no action shall be brought upon any contract for the sale of lands, tenements or hereditaments, or in the making any lease thereof for a longer term than one year, unless the promise or agreement upon which said action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith or some other person by *327 him thereunto lawfully authorized. It is contended fob the defendant, that the entry made at the request of the parties in the inventory of articles bought by the plaintiff is such a note or memorandum of the contract as is required by the statute. We do not think so; because, in the first place, it is proven that the inventory was not intended by the parties as a note or memorandum of the contract, but merely as a statement of the amount of the different articles purchased, with the view of ascertaining the aggregate sum for which the notes were to be executed; and because, secondly, if it were intended as a note or memorandum of the contract it is void for uncertainty, both as to the terms of the -contract and the description of the property. “The note or writing must specify the terms of the agreement, for otherwise all the danger of perjury which the statute intended to guard against would be let in.” Sugden on Vendors, 89.
A writing acknowledging the reception of a sum of money, being the cash part of the consideration on a sale of land to the plaintiff, without saying more, is not such memorandum as will take the case out of the statute of frauds and perjuries. 4 Bibb, 566.
“A memorandum of the sale of lands to be effectual must not only be signed by the party to be charged but must contain the substantial terms of the contract in itself, or in some other writing to which it refers.” Johnson’s Ch. Rep. 273: 14 Johnson’s Rep. 15: 2 Wheat. 336-341.
An entry by an auctioneer in his books, stating the name of the owner, the person to whom the estate is sold and the price it sold for, is a sufficient memorandum of an agreement to satisfy the statute, provided it contains the conditions of the sale and the particulars of the property, or refers to them so as to enable the court to look at them; otherwise clearly not. Sugden on Vendors, 95: 7 East, 558: 2 Barn, and Cress. 845. The authorities are conclusive upon the question. The terms of the entry in the inventory in this case are: “Bought of Wm. R. James an ice-house and lot, $140. Here is nothing with regard to the condition of the sale, the particulars of the property, nor any such description of it as would authorize a resort to parol proof for its identification. The contract then would *328 be void for uncertainty in its terms and in the description of the property sold “even if the entry in the inventory could be considered as a note or memorandum thereof within the operation of the statute of frauds and perjuries.
2. Is the_plaintiff entitled to maintain this action because the defendant has no title to the premises intended to be sold? We think he is. It is unnecessary to enter into an investigation of the principles upon which the truth of this proposition depends. They are too abvious to require examina, tion. Sugden, in his Treatise on Vendors, page 287, says¿ “When a person sells an interest, and it appears that the interest which he pretends to sell was not the true one, as; for example, if it was for a less number of years than he had contracted to sell, the purchaser may consider the contract at an end and bring an action for money had and received to recover any sum of money which he may have paid in part performance of the agreement for sale;” for which he cites the cases of Turner vs. Nightingale, 2 Esp. Ca. 639: Hearn vs. Tomlin, Peak’s Ca. 192: Thompson vs. Miles, 1 Esp. Ca. 184, and others. If this may be done in cases where the vendor has a title, but not such an one as he contracted to sell, afoi-* tiori, may it be done where he has no title at all. In the case of Dearen vs. Bartley, 1 Cains’ Rep. 47, it was held that the purchaser might maintain assumpsit to recover back the purchase money, although the contract was under seal. Upon this subject see also I Dall. 228: 5 John. 85: 11 Johnson, 527: 12 Johnson, 274: 10 Johnson, 73: 4 Conn. 330. In the case of Tendring vs. London, 2 Eq. Cas. Ab. 680, it is held* that where a person takes upon himself to contract for the sale of an estate, and is not absolute owner of it, nor has it in his power by the ordinary course of law or equity to make himself so, though the owner offer to make the seller a title, yet equity will not force the buyer to take; for any seller ought to be a bona fide contractor, and it would lead to infinite mischief if an owner were permitted to speculate upon the sale of another’s estate. To the same purpose is 10 Ves. 315, and 1 Jac. and Wal. 431. Besides, as is observed by Sugden, 208, in his Treatise on Vendors, the remedy is not mutual, which is, of itself, a sufficient objection in a case *329 of this nature, as has been held by this court at its present term in the case of Jenkins vs. Atkins. Then upon both points the court below erred. The case will therefore be reversed and remanded for further proceedings.