## BARBER v. LYON.

Objections to depositions must be made before the commencement of the trial, unless for some cause not previously known.

It is in general true, that a party who has derived some benefit from the partial performance of a contract, cannot rescind it and resort to an action for money had and received for the money he may have paid on the contract.

But if both parties agree to put an end to a contract, one of them may bring an action for money advanced by him on it, or an action for goods sold and delivered, if the advancement were in goods.

If a party having received part payment in advance on a contract to transport goods, perform his contract in part, and then receive full payment for the part performed, independently of what he had received in advance, the special contract may be considered as rescinded and such party held liable for the payment advanced.

Nov. Term,
1846.

Barber
v.
Lyon.

Friday,
November 27.

ERROR to the *Allen* Circuit Court.

Dewey, J.—This was an action of assumpsit by *Lyon* against *Barber*, commenced before a justice of the peace. The plaintiff's statement of his demand was an account for several sums of money and various items of goods. The cause was appealed. Verdict and judgment for the plaintiff.

On the trial in the Circuit Court, the plaintiff offered in evidence the deposition of a witness taken *de bene esse* to be used before the justice. An objection was made to the deposition, but it was admitted.

There was evidence tending to prove, that, in the summer of 1842, the plaintiff and defendant made an agreement, that the latter should transport for the former six hundred bushels of wheat from *Fort Wayne*, in this state, to *Toledo*, in *Ohio*, for twenty-five cents per bushel, to be paid after the delivery of the wheat; that the defendant agreed to receive a part of his pay in merchandize; that the wheat was received by the defendant under the contract; that by a carrier employed by him to transport the wheat to *Toledo*, it was taken as far as *Maumee* and there left in the possession of *Hazard* and *Smith*, the carrier refusing to transport it any further; that *Hazard* and *Smith* volunteered to pay and did pay the carrier in full for transporting the wheat from *Fort Wayne* to *Maumee;* and that the plaintiff reimbursed them the money thus paid. It further appeared that the plaintiff advanced to the defendant, in part payment on the contract to transport the wheat, several sums of money and some articles of merchandize—the same for which the action is brought.

The Court charged the jury, that if they believed money and goods had been advanced by the plaintiff to the defendant on the contract, and that subsequently the defendant or his agent had received full payment, independently of the goods and money advanced, for the transportation of the wheat, which payment was ratified by the plaintiff, they were justified in considering the contract as rescinded, and might give a verdict for the plaintiff for the money and goods advanced.

It is contended that the Court erred in admitting the deposition, and in giving the charge to the jury.

The objection to the deposition was made after the trial

commenced, and we think it came too late.  The cause was commenced in 1842 and tried in 1845.  The statute of 1838 and that of 1843 require that objections to depositions shall be made before going into trial, and not afterwards, unless for some cause not previously known.  R. S. 1838, pp. 443, 4. R. S. 1843, p. 724.

It is urged against the correctness of the instruction to the jury, that the special contract, having been in part performed by the defendant, remained open; and that an action for the breach of it was the plaintiff's only remedy.

It is in general true, that a party who has derived some benefit from the partial performance of a contract, cannot rescind it entirely, and resort to an action for money had and received for money which he may have paid upon it; and the reason is, that by rescinding it after such partial benefit to one party, both parties cannot be placed in the same situation in which they stood before the contract.  *Hunt* v. *Silk*, 5 East, 449.  But it is equally true, that when both parties agree to put an end to a contract, one of them may bring an action to recover money paid by him upon it.  *Towers* v. *Barrett*, 1 T. R. 133.—*Gillet* v. *Maynard*, 5 Johns. 85.  If an action for money paid under such circumstances can be sustained, we see no reason why an action for goods sold and delivered should not be supported, if goods, instead of money, have been paid or advanced upon the rescinded contract. The principle must be the same in both cases.

In the cause before us, if the defendant received money and goods, in advance, on the contract for transporting the wheat; if he performed that contract in part, and violated it in part; if he subsequently, personally or by his agent, consented to receive and did receive full pay for all the services rendered by him, he may well be viewed as having consented to rescind the contract; in which case, he was undoubtedly liable for the money and goods which he had previously received.  These matters we think were properly left to the jury.  Besides, if the defendant received full compensation for all the services which he performed, independently of the advanced payment, he was, so far as the advanced payment was concerned, virtually placed in the same situation which he occupied before the contract was made; and this

Nov. Term,
1846.

would entitle the plaintiff to rescind the special contract and maintain this action. We do not think the Court erred in the charge to the jury.

A question arose about the admission in evidence of a receipt; but as the receipt had no bearing on the cause the question need not be further noticed.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Brackenridge*, for the plaintiff.

*S. Bigger* and *J. K. Edgerton*, for the defendant.