May Term,
1857.

HARRIS
v.
BRADLEY.

they were issued took them upon the faith of that resolution.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. Van Devanter* and *J. F. M'Dowell*, for the appellants.

*J. Brownlee*, for the appellee.

---

## HARRIS *v.* BRADLEY and Others.

On the 17th of *February*, 1854, *A.* and *B.* entered into a written agreement whereby the former sold the latter 1,000 bushels of corn, to be delivered in the cars at *N.*, within three months from that date; for which *B.* was to pay 37 cents per bushel. Twenty-five dollars was paid down, and the balance, 345 dollars, was to be paid in fifteen days. *B.* failed to pay within the time; but on the 21st of *March*, 1854, he paid 300 dollars. On the 19th of *April* following, *A.*, having 1,000 bushels of corn on hand, sent *B.* a letter, stating that the corn was ready for delivery, and would be sold, unless he made full payment within six days. It does not appear that *B.* received the letter. Accordingly, on the 29th of *April*, *A.* sold 600 bushels of the corn, and about two weeks later the balance, at 30 cents per bushel. But on the 2d of *May*, fourteen days before the expiration of the time within which the corn was to be delivered, *B.* tendered the balance of 45 dollars due on the contract, to *A.*, who refused to receive it, &c. ' It was not shown that any part of the corn was ever at the place of delivery. *B.* recovered a judgment for the amount paid, and interest from the 2d of *May*.

*Held*, on appeal, 1. That the facts show both parties to be in default; that neither could maintain an action on the agreement; and hence, that the contract was rescinded.

2. That where a contract has been rescinded by the default of both parties, money paid in part performance may be recovered back with interest from the date of the rescission, in an action for money had and received.

*Friday,*
*May 29.*

APPEAL from the *Hamilton* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs below, are the assignees of one *George N. Hinchman.* *Harris* was the defendant. The complaint contains two paragraphs—the first is upon a special contract—the second, for money had and received. There was an answer to the complaint, and a reply to the answer.

The evidence adduced on the trial, disclosed the follow-

ing facts: On the 17th of *February*,' 1854, *Harris* and *Hinchman* entered into a written agreement, whereby the former sold to the latter one thousand bushels of merchantable corn, to be sacked, weighed, and delivered on board the cars at *Noblesville*, within three months from that date; for which *Hinchman* was to pay 37 cents per bushel, sixty-eight pounds to be a bushel. The corn was to be delivered in the cars. Twenty-five dollars was paid at the date of the contract; and the balance, 345 dollars, was to be paid in fifteen days.

The plaintiffs failed to pay the 345 dollars within the time stipulated; but, on the 21st of *March*, 1854, they paid the defendant 300 dollars. On the 19th of *April*, the defendant, having then on hand one thousand bushels of corn, sent the plaintiffs a letter, therein stating that the corn was ready for delivery, and would be re-sold, unless they made full payment within six or seven days from the last-named date. The evidence does not show that the plaintiffs ever received the letter. The corn thus on hand was sold by the defendant, as follows: six hundred bushels on the 29th of *April*, at 30 cents per bushel, and about two weeks thereafter, four hundred bushels at the same price. The plaintiffs, on the 2d of *May*, fourteen days before the expiration of the time within which the corn was to be delivered, called on the defendant and tendered him 45 dollars, the balance due on the contract, which he refused to receive, and in reply to their demand of the corn, distinctly told them that he would not deliver it, unless in addition to the price agreed on, they would pay him 30 dollars. The defendant failed to show that he ever had the corn, or any part of it, at the place of delivery.

The Court, to whom the cause was submitted, found for the plaintiffs 332 dollars and 50 cents, being the amount advanced on the contract, with interest from the 2d of *May*, 1854. And thereupon, the defendant moved for a new trial; but his motion was overruled. Judgment was accordingly rendered, &c. The appellant contends, that the case made by the evidence entitles him to a reduction of the moneys which he received, to an amount equal to the

May Term,
1857.

HARRIS
v.
BRADLEY.

difference between the contract price and that for which the corn was actually sold. And further, that the allowance of interest was erroneous.

These positions, if the present suit is at all maintainable, are not well taken. The plaintiffs having failed to pay at the time stipulated, had no right of action, unless in consequence of such failure the defendant has rescinded the agreement. If he has, they were entitled to recover the money advanced without deduction, and with interest; because it is well settled that, when a contract has been rescinded by either party having a right to do so, or by both parties, money advanced in part performance may be recovered back with interest from the date of the rescission. *Gillet* v. *Clemens*, 5 Johns. 85.—*Raymond* v. *Bearnard*, 12 *id.* 274.—*Green* v. *Green*, 9 Cow. 46.—Chitty on Cont. 741.—8 Blackf. 500 (1). In this case, the evidence plainly shows the plaintiff's default, and in sequence, the defendant's right to rescind. It follows that the only question to settle is, did he exercise that privilege? If the defendant, intending to comply with his contract, had offered to deliver the corn upon full payment of the purchase-money, and the plaintiffs had refused to receive it or make the payment, this action could not have been sustained. But such is not the case before us. Here, the defendant not only failed to perform, but within the time agreed on for the delivery of the corn, actually refused to receive a balance due on the contract. This, then, is a case in which both parties are in default. Neither could have sustained an action on the agreement. And it must, therefore, be held rescinded. The result is, that the plaintiffs were entitled to recover on the paragraph for money had and received.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*G. H. Voss*, for the appellant.

(1) *Hunt* v. *Silk*, 5 East, 449. See, also, 1 T. R. 133; 7 *id.* 177; 1 Bos. & Pull. N. R. 354; 9 B. & C. 386; 7 Johns. 132.