Nov. Term, 1859.

GILBRETH
v.
GREWELL.

---

## GILBRETH *v.* GREWELL.

Where a contract of sale of land provided "that if default should be made in fulfilling any part of the contract on the part of the purchaser, the seller

might regard the contract as forfeited, and re-sell the land;" it was *held*, that the forfeiture of the contract did not exempt the seller, if he enforced the forfeiture, from accounting to the purchaser for payments made, over and above damages accruing from the breach of the agreement, to the seller.

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—This was an action brought by the appellee against the appellant, to recover, amongst other things, money paid by the plaintiff to the defendant on a contract for the sale of land. It appears, that in *August,* 1855, the plaintiff and defendant entered into a written agreement, by which the defendant agreed to sell to the plaintiff certain land therein described, for a price therein stipulated, 217 dollars of which was paid down, the remaining portion to be paid thereafter; and it was stipulated in the agreement, "that if default should be made in fulfilling the agreement, or any part thereof, on the part of *Grewell,* then, and in such case, *Gilbreth* should be at liberty to consider the contract as forfeited and annulled, and to dispose of the land to any other person in the same manner as if the contract had never been made." The plaintiff took possession of the land, and occupied it about a year, when, an installment of the purchase-money being due and unpaid, the defendant took possession, and notified the plaintiff not to put in or sow wheat, for if ·he did, the defendant would reap it.

The complaint sets up some other matters, and claims some other relief than the recovery of the money thus paid, but we deem it unnecessary to further notice it. Trial by a jury, verdict and judgment for the plaintiff; motions for a new trial, and in arrest of judgment, being overruled.

The appellant makes two points in his brief for the reversal of the judgment.

*First.* That the judgment should have been arrested; and,

*Second.* That a new trial should have been granted on the merits.

It is insisted, as a reason for the arrest of judgment, that there is a misjoinder of matters of tort and of contract in the complaint. If this be true, in point of fact, even had

Nov. Term, 1859.

GILBRETH
v.
GREWELL.

the complaint been demurred to on this ground, and the demurrer improperly overruled, we could not reverse the judgment. Section 52 of the code provides that "no judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for a misjoinder of causes of action."

In reference to the second point, it is insisted that the contract should be construed to mean that, upon default in the performance of the contract by *Grewell*, the 217 dollars paid by him thereon, should be forfeited, or deemed as liquidated damages. We do not, however, think the contract will bear such interpretation. The contract would probably hold *Grewell* to a strict performance in point of time, or in default, give *Gilbreth* the option to consider it rescinded; but we do not think it gives *Gilbreth*, upon a failure by *Grewell* to pay an installment on the day when it became due, the right to rescind the contract and keep not only the land, but all that had been paid on it.

From the evidence in the case it is apparent that, upon the failure of *Grewell* to pay the installment that was due, *Gilbreth* treated the contract as rescinded. In such case he would be liable to *Grewell* for whatever he had paid on the contract, subject, perhaps, to the damages, if any, which he may have sustained by *Grewell's* non-performance.

It is thoroughly settled in *Indiana* that, where one party to an entire special contract has not complied with its terms, but professing to act under it, has done for, or delivered to, the other party, something of value to him, which he has accepted, the party who has been thus benefited by the labor or property of another, shall be responsible on an implied promise arising from the circumstances, to the extent of the value received by him. *Wheatly* v. *Miscall*, 5 Ind. R. 142, and cases there cited. *Vide*, also, *Wolcott* v. *Yeager*, 11 Ind. R. 84.

We see no error in the record for which the judgment should be reversed.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Brownlee* and *H. S. Kelley*, for the appellant.

*A. Steele, H. D. Thompson*, and *M. L. Marsh*, for the appellee.