### SMITH *v.* HATCH.

Plaintiff and defendant had made a parol agreement, by which plaintiff was to convey to defendant a tract of wild land in part payment for a farm which defendant was to convey to plaintiff. Plaintiff had conveyed the wild land to defendant, but defendant refused to convey said farm to the plaintiff :

*Held* that plaintiff might rescind the contract and recover the value of the wild land in an action of *indebitatus assumpsit* for land sold.

*Held* also that where the defendant had sold the wild land for cash, the plaintiff might rescind the original contract, adopt the defendant's act of selling and ratify the sale and recover of the defendant the price he received for the land in an action for money had and received.

INDEBITATUS ASSUMPSIT, for land sold, and for money had and received.

The plaintiff's evidence tended to show that the plaintiff and defendant made a parol agreement, by which the plaintiff was to convey to the defendant a tract of wild land in part payment for a farm which the defendant was to convey to plaintiff; that the defendant was to allow $125 for the wild land in part payment for the farm, and that, if he should get more than $25 by sale of the wild land, he was to allow what he should get; that plaintiff had conveyed the wild land to defendant, but defendant had not conveyed the farm to plaintiff according to the parol

agreement; and that defendant had sold the wild land and received some money for it.

The defendant moved for a nonsuit, on the ground that *Indebitatus Assumpsit* would not lie.

The court overruled the motion and defendant excepted.

The defendant moved to set aside the verdict which was for plaintiff.

The questions arising in the case were reserved.

*Haywood*, for plaintiff.

*Burns & Fletcher*, for defendant.

SARGENT, J.    It is to be assumed that all proper instructions were given to the jury upon the question of the rescission of contracts and all other questions arising in the case, and that the verdict for plaintiff was properly rendered upon the evidence, provided the action of *indebitatus assumpsit* will lie, upon the facts here stated.

Defendant claims that here has been a part performance by plaintiff in conveying the wild land to defendant, and that plaintiff has a remedy by bill in equity to enforce a specific performance of the contract, and that having such a remedy he can have no other. But we do not understand such to be the law.

In *Allen* v. *Webb*, 24 N. H. 278, it is held that "where one party to a contract refuses to perform his part of the same, the other party may insist upon the contract being carried out, or he may avail himself of the refusal and rescind the contract." Without considering, therefore, whether the part performance by plaintiff was such as to take the case out of the statute, and enable him to enforce a specific performance on the part of defendant, we think that if such were the admitted fact, the plaintiff might elect his remedy, and either enforce the contract, or rescind it and recover back the value of the land he had conveyed. If the defendant had not sold this land, the count for money had and received could not have been maintained, though the count for land sold would then have been well enough. But the plaintiff may now, by adopting the act of selling on the part of defendant and ratifying the same, recover the money which defendant received for the land under the count for money had and received.

A verdict may therefore have been properly returned for plaintiff on either count in his declaration. The defendant has no cause of complaint and the exceptions are overruled. See *Stevens* v. *Cushing*, 1 N. H. 18; *Lane* v. *Shackford*, 5 N. H. 130; *Child* v. *Moore*, 6 N. H. 33; *Fuller* v *Little*, 7 N. H. 535; *Luey* v. *Bundy*, 9 N. H. 298; *Ayer* v. *Hawkes*, 11 N. H. 148; *Snow* v. *Prescott*, 12 N. H. 535; *Gillet* v. *Maynard*, 5 Johns. 85; *Merrill* v. *Downs*, 41 N. H. 72.

*Judgment on the verdict.*