Dantzeiser *v.* Cook.

---

## DANTZEISER *v.* COOK.

PLEADING.—*Contract for Sale of Real Estate.*—*Rescission.*—*Recovery of Purchase-Money.*—A., in a complaint against B., alleged that he purchased of B. certain real estate, for the agreed price of two thousand two hundred dollars, and paid two hundred dollars of the purchase-money, and took a bond of B. for conveyance and delivery of possession, on the payment of the residue of the purchase-money; that he afterward paid sixty-five dollars of the residue; and that afterward B. made and delivered to C. a warranty deed for the same

land for the consideration of two thousand five hundred dollars. Prayer, that the contract between A. and B. be declared rescinded, and that A. have judgment for the purchase-money by him paid to B.

*Held,* that the complaint was good.

SAME.—To the above complaint, B. answered that after the title bond was made, he offered to convey to A., and at the same time asked A. to pay the residue of the purchase-money; and that A. replied that he would not receive a deed for the land, and would not pay the money, saying that he could do better with his money. Prayer for damages by reason of the refusal of A. to comply with the contract.

*Held,* that the answer was bad; that B. might have held A. to the contract, but if, instead of this, he sold and conveyed to another party, he thereby evinced, in a decisive and conclusive manner, his concurrence in the rescission of the contract between himself and A.; and under such circumstances, the contract might be considered as rescinded by agreement, and B. could not recover damages for an assumed breach of the contract, but A. could recover of B. the money paid upon the contract.

APPEAL from the Jennings Common Pleas.

WORDEN, J.—Errors have been assigned in this case in the name of Cook, as appellant, against Dantzeiser, as appellee, but as it is palpable that this is a mistake in entitling the cause, and that Dantzeiser was intended as the appellant, and Cook as appellee, we shall regard them as such.

The complaint was by Cook against Dantzeiser, and contained three paragraphs, but a demurrer was sustained to the second and third, and no question arises upon them. The first paragraph alleges that on the 29th of April, 1868, the plaintiff purchased of the defendant certain real estate, therein described, for the sum of twenty-two hundred dollars; that he paid down on the purchase two hundred dollars, and received a title bond from the defendant for the conveyance of the property, which is made a part of the complaint. The bond recites the sale of the land by the defendant to the plaintiff at the price named, and the receipt by the defendant of the two hundred dollars, and stipulates for the conveyance of the land by the defendant to the plaintiff and the yielding of possession thereof, on the payment of the residue of the purchase-money. The complaint further alleges, that afterward, on the 18th of July, 1868, the

Dantzeiser *v.* Cook.

plaintiff paid the defendant on the contract the sum of sixty-five dollars, which is indorsed on the bond; that afterward, on the 9th of November, 1869, the defendant made and delivered a warranty deed in fee for the land to one William R. Hiberland, for the consideration of twenty-five hundred dollars. A copy of the deed is set out. The plaintiff asks that the contract be declared rescinded, and that he have judgment for the amount of money paid thereon by him and the interest thereon.

The defendant demurred also to this paragraph, for the want of sufficient facts, but the demurrer was overruled, and he excepted.

The defendant then answered, first, by general denial; second, that after the execution of the title bond mentioned in the complaint, to wit, on the —— day of October, 1869, he said to the plaintiff that he was ready then and there to execute to him a deed for the land named in the bond, and at the same time asked the plaintiff to pay him the balance due on said bond, but the plaintiff then and there replied that he would not receive a deed for said land, and that the defendant need not make one, and at the same time refused to pay the defendant the balance due on the bond; at the same time saying to the defendant that, inasmuch as the Branch Railroad of the Ohio and Mississippi Railway Company was then being built from North Vernon, Indiana, where the plaintiff then resided, to Jeffersonville, Indiana, he could do better with his money by expending it on certain lots which he owned in said town of North Vernon, than by paying the same to the defendant for the land described in the bond; wherefore, etc.

The third paragraph contained the same allegations as the second, with the additional averments, that the defendant was damaged in the sum of five hundred dollars by the refusal of the plaintiff to comply with said agreement; and that after the making of said contract, the said plaintiff [defendant?] sold off a large part of his stock at a great sacrifice, to wit, the sum of one hundred dollars, and did

not, on account of said contract, attempt to raise any crops on said land, most of which was cleared and fit for cultivation, whereby he was greatly damaged, to wit, in the sum of three hundred dollars; wherefore the defendant asks that his said damages be set off and allowed him against the plaintiff's claim, and that he have judgment for the balance, etc.

Demurrers were sustained to the second and third paragraphs of the answer, for want of sufficient facts, and the defendant excepted.

The cause was tried by the court on the general denial, and resulted in a finding and judgment for the plaintiff.

The errors assigned relate alone to the rulings on the demurrers.

The paragraph of the complaint was undoubtedly good, and the demurrer to it correctly overruled. According to the allegations, the plaintiff had purchased of the defendant certain lands, and had taken the defendant's bond for the conveyance of the same upon the payment of the residue of the purchase-money, two hundred dollars having been paid thereon at the time of the purchase, and sixty-five dollars afterward. After the payments had been thus made, the defendant conveyed the land to a third party, and put it out of his power to discharge his contract with the plaintiff. Upon the plainest principles of justice, the plaintiff was entitled to regard the contract as rescinded, and to recover back what he had paid on the land. He might, if the purchaser from the defendant had notice of his rights at the time he purchased, have enforced a specific performance as against him, but he was not obliged to resort to that remedy.

We are also of the opinion that the demurrers were correctly sustained to the two paragraphs of the answer. The strongest view of the facts set up in the paragraphs, against the plaintiff, is, that he failed to perform the contract on his part when called upon to do so, and that his conduct and statements amounted to an abandonment and rescission of the contract on his part. The defendant might have held

him to the contract, had he seen proper to do so, but he did not choose this course. He sold and conveyed the property to a third person, thereby evincing, in the most decisive and conclusive manner, his concurrence and acquiescence in the rescission of the contract. The contract may well be said to have been rescinded by the agreement of the parties, and this rescission not only prevents the defendant from setting up damages for an assumed breach, but it enables the plaintiff to recover back what he has paid upon it. "When a contract has been rescinded, either by the mutual consent of the parties, or by virtue of a clause contained therein, the common count for money had and received lies, to recover any money which may have been paid by the plaintiff thereunder." Chitty Con. 692.

That money thus paid can be recovered back, is established by the following, amongst other, authorities : *Towers* v. *Barrett*, 1 T. R. 133; *Gillet* v. *Maynard*, 5 Johns. 85; *Barber* v. *Lyon*, 8 Blackf. 215; *Patterson* v. *Coats*, 8 Blackf. 500; *Harris* v. *Bradley*, 9 Ind. 166; *Gilbreth* v. *Grewell*, 13 Ind. 484; *Fowler* v. *Johnson*, 19 Ind. 207.

The case of *Hansbrough* v. *Peck*, 5 Wal. 497, is cited by counsel for the appellant as containing a contrary doctrine. We do not regard that case as substantially at variance with the doctrine above announced. The court say: "No rule in respect to the contract is better settled than this : That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." This is little more than a statement that one party cannot alone rescind the contract, without the fault of the other party or his concurrence in the rescission, and recover back what he has paid upon it; and we concur in the doctrine. But in the case before us, though the defendant at one time may have been ready to proceed and fulfil the contract on his

part, yet he afterward disabled himself to do so, by conveying the property to another. He by his conduct consented to a rescission of the contract. The rescission leaves the parties as if the contract had never existed. *Gatling* v. *Newell,* 9 Ind. 572. The defendant cannot, under these circumstances, in equity and good conscience, be permitted to retain what he has received upon the contract.

The judgment below is affirmed, with costs.*

*J. D. New,* for appellant.

*J. L. Yater* and *W. P. Adkinson,* for appellee.

*Petition for a rehearing overruled.