Dotson *v.* Bailey.

---

No. 8100.

DOTSON *v.* BAILEY.

CONTRACT.—*Rescission.*—*Real Estate.*—*Tender.*—*City Court.*—*Jurisdiction.*
—In an action brought in a city court for the rescission of a parol contract for the sale of real estate, the complaint alleged that the plaintiff purchased by parol certain real estate from the defendant, to be paid for in instalments within six years, at the expiration of which time, on full payment, the defendant was to execute to the plaintiff a warranty deed therefor; that, under said contract, the plaintiff entered into the possession thereof and made valuable and lasting improvements thereon; that defendant, after the plaintiff had paid a large part of the purchase-money, and before the expiration of the six years, and without plaintiff's knowledge or consent, sold and conveyed the real estate to another person; that, as soon as plaintiff learned this, he surrendered possession of the land. Prayer for a rescission of the contract, for the money paid thereon, and for the value of the improvements.

*Held,* on demurrer, that the complaint was sufficient.

*Held,* also, that the plaintiff had the option either to retain the land, make final payment and enforce his rights as against the defendant's grantee, or to treat the contract as rescinded.

*Held,* also, that the plaintiff could maintain the action without first having tendered the reasonable value of the use and occupation of the premises.

*Held,* also, that the contract must be regarded as having been rescinded by the concurrence and acquiescence of both parties.

Dotson v. Bailey.

*Held*, also, that the city court had concurrent jurisdiction of the subject-matter of the action with the circuit court, under section 3 of the act establishing city courts. 1 R. S. 1876, p. 314.

Costs.—*Appeal.—City Courts.—Judgment.—Practice.*—On appeal from city courts, in cases in which jurisdiction is given them greater than that of justices of the peace, the party recovering judgment is entitled to recover costs.

From the Elkhart Circuit Court.

*M. F. Shuey, J. M. Vanfleet* and *E. C. Bickel*, for appellant.

*H. C. Dodge*, for appellee.

Worden, J.—This action was brought by Bailey, against Dotson, in the court of the city of Elkhart, and was appealed to the Elkhart Circuit Court, where there was judgment for the plaintiff below, Bailey, and the defendant appeals under the provisions of section 347 of the code.

The first question presented by the record relates to the ruling of the court below in overruling a demurrer, for want of jurisdiction in the court of the city of Elkhart, and for want of facts, to the second paragraph of complaint.

The paragraph alleges "that, on the 30th day of August, 1874, he (the plaintiff) purchased of the defendant, and the defendant sold to him by a parol contract, and under and by virtue of said parol contract, he was placed in possession by the defendant of the following described tract of land and the appurtenances thereunto belonging, to wit, (description), for the sum of five hundred and fifty dollars, on the following terms, and subject to the following conditions, to wit, paying the sum of ten dollars at the time of taking possession, on the 30th day of August, 1874, and the balance of the purchase-money, of five hundred and forty dollars, to be paid by the plaintiff in payments of ten dollars each, and to be paid monthly, or otherwise as the plaintiff and defendant might agree: *Provided*, however, that the whole five hundred and fifty dollars should be paid on or before six

years from the 30th day of August, 1874; that, upon re-
ceipt of full payment by the defendant from the plaintiff,
the defendant should execute to the plaintiff his conveyance,
by deed of general warranty, of said described land and
the appurtenances thereunto belonging; that, on the 30th
day of August, 1874, the plaintiff paid the defendant the
sum of ten dollars, and that, at the times and in the man-
ner, as is fully shown in an account filed herewith and made a
part of this complaint, the plaintiff paid the defendant the
different sums shown therein, amounting, in the aggregate,
to three hundred dollars, in pursuance of said contract;
that, after the 30th day of August, 1874, and while in pos--
session of said land under said contract, the plaintiff made
valuable and lasting improvements on said land, at the times
and in the manner as is fully set forth in an account filed
herewith, and to the amounts therein stated, relying upon
the promise of the defendant, that, at the expiration of six
years from the 30th day of August, 1874, and before, if
payment was duly made, he would, by deed, duly convey
said described land to the plaintiff; that, on the 9th day of
June, 1878, before the six years had elapsed, and without
notice to, and without the knowledge or consent of, the plain--
tiff, the defendant sold, and by deed conveyed, said land
and the appurtenances thereunto belonging to one Catharine
Dotson; that said deed was recorded in the record for deeds
of Elkhart county, Indiana, on the 3d day of September,
1878; that the plaintiff, on the 1st day of November, 1878,
learned of the said conveyance by deed of the said land, by
the defendant to the said Catharine Dotson; that, immedi-
ately upon learning of said conveyance by deed of said de--
scribed land by the defendant to said Catharine Dotson, the
plaintiff removed from said land and surrendered possession
thereof, leaving said valuable and lasting improvements upon
said land. Wherefore the plaintiff demands that the afore--
said parol contract be rescinded, and that the defendant re-

turn to the plaintiff all the money paid upon and by virtue of said contract, and interest thereon from the date each payment was made as shown herein, and that the defendant pay him the value of the valuable and lasting improvements made upon said land by the plaintiff while in the possession thereof, by virtue of and under said contract, and that he have judgment therefor in the sum of one thousand dollars, and other proper relief."

The paragraph sets up a demand of $1,000 for the purchase-money paid, and the interest thereon, and for the improvements made by the plaintiff on the land; and we think the court of the city of Elkhart had jurisdiction of the subject of the action. The statutory provision on which this question depends will be noticed hereafter in this opinion, when considering another question arising in the cause.

Does the paragraph state facts sufficient to constitute a cause of action? This question must be answered in the affirmative. The plaintiff had bought the land of the defendant, and made payments thereon, and had been put in possession under the contract, and had made lasting and valuable improvements on the land; but before the time of final payment had arrived, and before the time when the defendant was to make the conveyance to the plaintiff, the defendant sold and conveyed the land to another person. This clearly authorized the plaintiff to treat the contract as rescinded. This he did as soon as he had notice of the conveyance made by the defendant, and he is entitled to recover the purchase-money paid by him, and probably for the improvements; but the measure of damages is not involved, and we decide nothing upon that point.

It is urged by the counsel for the appellant, that, as the plaintiff was in possession of the land, and as he could therefore enforce his claim against the person to whom the defendant sold and conveyed it, such possession operating as notice to her of the plaintiff's rights, the plaintiff was not

injured by the conveyance, and could not therefore treat the contract as rescinded. But, by the terms of the contract, the plaintiff, upon full payment of the purchase-money, was entitled to a warranty deed from the defendant for the land, and was not required to take upon himself the risk or expense of a litigation with the grantee of the defendant, or to take such a title as he would get through the judgment of a court requiring the defendant's grantee to convey to him. He had his option either to retain the land, make final payment and enforce his rights as against the defendant's grantee, or to treat the contract as rescinded.

The plaintiff's possession of the land was notice of his rights to the defendant's grantee; but this notice was of no more efficacy than if notice had been acquired in any other way. In the case of *Fowler* v. *Johnson*, 19 Ind. 207, it was held in such a case, that the first purchaser had the right to treat the contract as rescinded, though the second purchaser at the time of the sale and conveyance to him, had notice of the rights of the first purchaser. The court said: "A party may have an election, either to enforce a contract or to treat it as rescinded, and recover back the purchase-money paid." So in the case of *Dantzeiser* v. *Cook*, 40 Ind. 65, 68, this court said, speaking of a similar question: "After the payments had been thus made, the defendant conveyed the land to a third party, and put it out of his power to discharge his contract with the plaintiff. Upon the plainest principles of justice, the plaintiff was entitled to regard the contract as rescinded, and to recover back what he had paid on the land. He might, if the purchaser from the defendant had notice of his rights at the time he purchased, have enforced a specific performance as against him, but he was not obliged to resort to that remedy."

The appellant insists, as we understand the brief of counsel, that, before the plaintiff could treat the contract as rescinded and bring his action, he should have tendered to

the defendant the reasonable value of the use and occupation of the premises. We think such tender unnecessary. The contract must be regarded as having been rescinded by the concurrence and acquiescence of both parties. *Dantzeiser* v. *Cook, supra.* The value of the use and occupation could be adjusted in the action.

No error was committed in overruling the demurrer to the complaint.

A question as to costs is made. In the court of the city of Elkhart, the plaintiff recovered three hundred dollars. The defendant appealed, and in the circuit court the plaintiff recovered $173.50. Thereupon the defendant moved for a judgment for costs in the circuit court in his favor, having reduced the judgment appealed from more than five dollars, in accordance with the law regulating costs on appeals from justices of the peace. The court overruled the motion, and the plaintiff had judgment for costs.

The third section of the act of March 12th, 1875, 1 R. S. 1876, p. 314, under which the court of the city of Elkhart was organized, provides that the court "shall have original concurrent jurisdiction with justices of the peace in all matters civil and criminal of which justices of the peace have, or may hereafter have jurisdiction, and in all such cases such court shall be governed by the laws of this State relating to the jurisdiction, powers, duties of, and practice before justices of the peace, except as in this act is otherwise provided. Such court shall also have original concurrent jurisdiction with the circuit court in civil causes where the amount in controversy does not exceed fifteen hundred dollars, except in actions of slander or libel, divorce, or foreclosure of mortgages on real estate, and when the title to real estate is in issue, and excepting also all matters relating to the settlement of decedents' estates, the appointment of guardians and matters connected therewith, and in all such cases of which justices of the peace would not have

jurisdiction.'' There is no provision in the law as to costs on appeals, similar to that in relation to appeals from justices of the peace.

It will be seen by the provision above set out, that the courts provided for are invested with jurisdiction concurrent with that of justices of the peace ; and, also, a larger jurisdiction concurrent with that of the circuit courts. It may be, that on appeals from these courts, in cases where their jurisdiction is concurrent with that of justices of the peace, the rule as to costs should be the same as on appeals from justices. This point, not being involved in the record, is suggested only. On appeals, in cases of the larger class, of which justices have no jurisdiction, there is no authority found in the statute, by construction or otherwise, for adopting the rule applicable to appeals from justices of the peace ; but, in such cases, the general rule must prevail, that the party recovering judgment is entitled to costs. There was no error in the ruling on the motion.

What we have said disposes of all the questions arising in the case.

The judgment below is affirmed, with costs.

WOODS, J., was absent when this cause was considered.