## KUMLER ET AL *v.* GOSS.

[No. 13,119. Filed October 5, 1928.]

*E. B. DeVault* and *Holman, Bernetha & Miller,* for appellants.

*Campbell & Emmons,* for appellee.

NICHOLS, C. J.—Action for money had and received, by appellee against appellants and Edward M. Kumler, who thereafter died, and as to whom the cause was dismissed, and we do not further mention him. Appellants filed answer in two paragraphs, first a general denial and the second an affirmative paragraph. There was a trial by the court with special findings of fact, on which conclusions of law were stated in favor of appellee. Judgment was rendered accordingly, from which this appeal. The errors properly assigned and presented are

the conclusions of law and the court's action in overruling appellants' motion for a new trial.

The court found the facts to be, that on and prior to December 1, 1924, appellants were the owners in fee simple and in possession of the real estate involved, consisting of 98.83 acres. Sometime during the month of December, 1924, appellants entered into a written contract with appellee for the sale of said real estate to her, by the terms of which said appellee was to pay for said real estate the sum of $10,000 to appellants, which $10,000 was to be paid by a certified check for $800, to be made by appellee to appellants and delivered to the Citizens Bank at Grass Creek, Indiana, to be by it held in escrow until a final agreement was reached. Appellants were immediately to apply for and procure a mortgage loan of $6,000 on said real estate, which mortgage was to be assumed by appellee, and the further sum of $3,200 in cash was to be paid by appellee to appellants. That by said contract appellants were to make and deliver a warranty deed and merchantable abstract of title, and that they were to pay the first installment of taxes for 1924, and were to give appellee full and peaceable possession of said land, all of which was to be done on or before March 1, 1925. If appellants were unable to procure a $6,000 mortgage loan on said land, then the contract was not to be binding on the parties entering into it and said $800 check was to be returned to appellee, unless appellee was able to arrange to obtain such sum of $6,000 in some other manner, in which event, said agreement was to be in full force and effect. Appellee was to pay any and all expenses for the obtaining of said loan, and she was also to pay the second installment of taxes on said land for the year 1924. Appellee, according to said contract, made and delivered her certified check to appellants for $800, which check was delivered to said Citizens Bank, and said contract was duly signed.

Appellants, other than appellant Harley B. Kumler, and their respective spouses, made and executed a warranty deed for said land on January 26, 1925, conveying it to him. On March 1, 1925, appellants leased the buildings, on said real estate to appellee from March 1 to April 1, 1925, and it was also agreed in this lease that, on account of appellee not having her financial affairs arranged, thirty days additional time be given her to prepare her financial affairs to close the sale. On March 9, 1925, appellee moved into said leased buildings and took possession thereof. On March 11, 1925, appellants, by a written notice, notified appellee to deliver to them, at the expiration of thirty days from the time of receiving such notice, the possession of the leased premises, provided she did not comply with the terms of the contract of purchase by March 14, 1925. On March 10, 1925, they cashed said certified check for $800. On or about January 25, 1925, appellant Harley B. Kumler applied for said loan of $6,000 and said loan was approved, and the money thereon was delivered to him on March 13, 1925. Appellants incurred expense of $150 in procuring said loan and also $57 for insurance on said premises for the benefit of the mortgagee. On March 27, 1925, appellant Harley B. Kumler and his spouse, by warranty deed, conveyed said real estate to appellant Harry R. Kumler and Edith M. Kumler, his wife, as tenants by the entireties. Upon request of appellants, appellee gave them possession of the leased premises on March 28, 1925. It was agreed and understood between appellants Harley B. Kumler and Harry R. Kumler and Edith M. Kumler, his wife, at the time the deed was made to said Harry and his wife, that they would execute a conveyance of said land, pursuant to said contract, to appellee at any time she might desire it, and that Harley and his wife, up to March 27, 1925, and

Harry and his wife since March 27, 1925, have been, and at the time of the trial were, ready, able and willing to make a conveyance of said land to appellee. Appellee, prior to commencement of this action, requested appellants to return the $800 check or $800 in money if the check had been cashed, and said sum was not paid her at any time. On June 5, 1925, appellants, through their attorney, notified appellee by letter that they were ready and willing to make a deed for said land and give her possession thereof when she performed her part of the contract, and also that if she did not comply with said contract by July 6, 1925, they would treat the contract as null and void. Edward M. Kumler signed said contract with appellant as one of the owners of said premises, and he and his wife joined in said deed to Harley, but, before the case came up for trial, he died. Said contract showed no agency relationship between appellants and Harley B. Kumler, or that he was to act for them in the making of such loan, or the closing of said contract, and the covenants in said contract on the part of appellants to be performed were to be carried out by them and not through the agency of one of them. Appellants did not make or tender appellee a deed of any kind for said land at any time prior to or after the commencement of this suit, and they did not, at any time, tender or deliver the possession of said land to appellee, except a part which was leased as set out in these findings; and they did not deliver or tender appellee an abstract of title for said land pursuant to said contract or otherwise, and she did not tender at any time the $3,200 balance of the purchase price to appellants. Appellee was notified by appellants of the approval by the loan company of the $6,000 loan. The $800 sued for herein by appellee is the $800 by her paid by her certified check as set out in these special findings. Appellee surrendered possession of said leased premises and

thereafter she treated said contract of sale and purchase as rescinded, and appellants, by the sale and conveyance of said land, the retaking possession of said leased premises and notification of appellee on June 5, 1925, that unless she complied with the terms of said contract by July 6, 1925, they would declare the contract null and void, treated said contract as rescinded, and the court finds said contract was so rescinded. In the sale and conveyance of said land from Harley B. Kumler and his said wife to Harry R. Kumler and Edith M. Kumler, his wife, the consideration therefor was reduced in the sum of $800 by reason of the fact that said $800 certified check of appellee had been theretofore cashed and the money received therefor by appellants. Time was not made the essence of said contract, and no provision was therein made that appellants could retain the $800 check or the money received thereon as liquidated damages which appellants would suffer in the event that appellee failed or refused to carry out her part of said contract. A mortgage for $6,000 was placed on said premises by said Harley B. Kumler and his said wife. And, as conclusions of law upon the facts, the court stated: that the law of the case is with appellee, and she is entitled to recover from appellants $800, together with six per cent. interest from July 6, 1925 to April 18, 1927, a total of $885.

Appellants contend with much earnestness that the finding of the court that "defendants treated said contract as rescinded, and the court finds that such contract was rescinded," is in direct conflict with the evidence, but we are not in harmony with this contention. It was expressly provided by the written contract of sale that the deal should be consummated on or before March 1, 1925. But it as clearly appears by the evidence that neither party was at that time ready to close the deal. Appellants had not yet placed a $6,000 loan upon the real

estate, and did not do so until March 13, 1925, nor had they furnished to appellee an abstract, though the evidence shows that she had repeatedly requested it, and, in all probability, could have had the money ready to close the deal had the abstract been furnished. Because of delay in closing the sale of land owned by her in Illinois, from which she expected to have the required purchase price of the land here involved, and being hindered in her efforts to obtain it from other sources because the abstract had not been furnished her, she was not ready to close the deal on March 1, 1925. Under these conditions, the buildings on the land were leased to appellee for one month, or until April 1, 1925, and it was provided in the lease that it was drawn for the purpose of giving appellee thirty days to prepare for the closing of the sale. It is true that only the fact that appellee did not have her financial affairs arranged so as to close the deal on March 1, 1925 is mentioned in the lease, but it is just as true that appellants had not then done the things that they had contracted to do, as mentioned above. The important fact, however, is that appellee was given until April 1, within which to close the deal. On March 9, 1925, appellee took possession of the buildings under the lease, and then on March 11, 1925, she was notified by appellants, through their agent Harley B. Kumler, to deliver the possession of the buildings to appellants unless she complied with the terms of the contract of sale by March 14, 1925. Appellee was not required, under the terms of the contract, with its extension, to close the deal before April 1, 1925, but, on March 27, 1925, appellant Harley B. Kumler, to whom appellants had conveyed the land, conveyed it by warranty deed, his wife joining, to appellant Harry R. Kumler and Edith Kumler, his wife, as tenants by the entireties, and on March 28, 1925, on request of appellants, appellee delivered the possession of said lands to said vendees,

and thereafter she deemed the contract rescinded. Edith Kumler, one of the tenants by the entirety, was not a party to the contract of sale, and, of course, was in no way legally obligated to appellee to carry out its terms. It seems to us that these specific facts in evidence, and found by the court, fully sustain the court's finding of fact that the contract was rescinded, certainly so by appellants after July 6, 1925, the date after which they had informed appellee that they would consider the contract null and void. By their own acts, they had put it beyond their power to convey the land to appellee, if not when they conveyed the land to Harley B. Kumler, who seems to be mentioned as their agent, then when it was conveyed to Harry R. and Edith Kumler, as tenants by the entirety, the said Edith being a stranger to the deal. As was said in *Dantzeiser* v. *Cook* (1872), 40 Ind. 65: "After the payments had been thus made, the defendant conveyed the land to a third party, and put it out of his power to discharge his contract with the plaintiff. Upon the plainest principles of justice, the plaintiff was entitled to regard the contract as rescinded, and to recover back what he had paid on the land."

The Dantzeiser case is a leading case in Indiana, and has been numerously cited elsewhere, and we quote therefrom again, as follows: "The defendant [vendor] might have held him [vendee] to the contract, had he seen proper to do so, but he did not use this course. He sold and conveyed the property to a third person, thereby evincing, in the most decisive and conclusive manner, his concurrence and acquiescence in the rescission of the contract. The contract may well be said to have been rescinded by the agreement of the parties, and this rescission not only prevents the defendant from setting up damages for an assumed breach, but it enables the plaintiff to recover back what he has paid upon it. 'When a contract has been rescinded, either by the mutual

consent of the parties or by virtue of a clause contained therein, the common count for money had and received lies, to recover any money which may have been paid by the plaintiff thereunder.' Chitty Con. 692. That money thus paid can be recovered back, is established by the following, amongst other, authorities: *Towers* v. *Barrett*, 1 T. R. 133; *Gillet* v. *Maynard*, 5 Johns. 85; *Barber* v. *Lyon*, 8 Blackf. 215; *Patterson* v. *Coats*, 8 Blackf. 500; *Harris* v. *Bradley*, 9 Ind. 166; *Gilbreth* v. *Grewell*, 13 Ind. 484; *Fowler* v. *Johnson*, 19 Ind. 207."

The facts herein are such as to make that case of controlling force in determining this appeal.

We hold that the evidence fully sustains the findings of fact, and that the court did not err in overruling the motion for a new trial, nor in its conclusion of law.

Judgment affirmed.