Curia, per Savage, Ch. J.
The only question in this case is, whether the contract has been rescinded. It is very clear that the payment of the money and the giving of a deed were not to be simultaneous acts. The covenant to pay was independent, and the payment of the money was a condition precedent. By virtue of the covenant, the plaintiff cannot call upon the defendant to perform until he (the plaintiff) performs or tenders performance on his part. [1] In the language of Spencer, Ch. Justice, in Hudson v. Swift, (20 John. 27,) “ Had the plaintiff brought his action on the covenant, it would have been incumbent on him to aver and prove an offer to pay the residue of the consideration. The plaintiff’s situation is not changed by suing for the money paid. He was bound to show the contract rescinded, or that he stood ready and offered to pay the balance due.” This doctrine is not denied by the plaintiff’s counsel, nor does he rely on showing an offer on his part to perform, and thereby put the defendant in fault. But he' contends, that from the acts of the defendant, or of both parties, there is evidence of a rescinding of the contract by the defendant, if not of a mutual rescinding.
What acts amount to a rescission of a contract ? The cases generally discuss the rights of the parties consequent upon *the rescission of the contract, rather than those acts . which amount to such rescinding. The case of Weaver v. Bentley, (1 Caines, 47,) was in some respects like the present. The defendant contracted to procure for the plaintiff the title to a certain lot. The defendant did not pre- ■ tend to have the title in that case, nor in this. In that' case he failed to fulfil his contract after a compliance by the plaintiff. In this respect the cases differ. The plaintiff *53 here has not fulfilled his contract; of course, on that » • ground, the defendant is not in default. In that case, this court said that the defendant having failed to perform on his part, the plaintiff had his election either to proceed on the covenant, and recover damages, or to disaffirm the contract, and, in assumpsit, to recover back what he had paid on a consideration which had failed. In that case, the court put either action upon the same evidence. The failure to perform the contract is there considered as the evidence of the rescinding; or rather failure by the defendant to perform enables the plaintiff to treat the contract either as valid, or as rescinded and at an end. The parties may mutually agree to rescind or disannul a contract previously made, or their acts may be construed into such a tacit agreement where nothing has been done in affirmance of the contract, but in disaffirmance of it for a long time, as in Lady Lanesborough’s case, (cited Pow. on Contr. 413,) where a contract had been made between landlord and tenants which had not been acted under for 25 years ; but the former relationship had existed between them as if no such contract had been made, and in direct contradiction to it. Such acts were held to amount to a waiver of the contract. But unless there is an agreement express or implied to rescind, the party claiming that the contract is rescinded must support that claim upon the fact of a violation of the contract by the other party. In the case of Ballard v. Walker (3 John. Cas. 60,) where an agreement was entered into, to convey lands on certain terms, on which nothing was done for four years, the court presumed the contract rescinded.
In the case of Gillet v. Maynard, (5 John. 87,) there had been a parol contract to purchase land. The purchaser made some payments, and took possession. The administrator *of the .purchaser offered to pay the balance, and demanded a deed, which the defendant refused, but took possession and offered the premises for sale. The court say the conduct of the defendant can be viewed in no other light than as a relinquishment of the contract. These *54 acts were inconsistent with a claim to. have the contract ' ‘ completed. A
The case of Judson v. Wass, (11 John v. 525,) was an action by the vendor against the vendee. By the agree ment,. the plaintiff stipulated to execute a warranty deed subject; only to quit rents. The premises were covered by a mortgage. The court held, the plaintiff could npt recover because he could not, perform on his part, as his agreement was to convey an indefeasible title, which he was unable to do,.and therefore the defendant was not bound to pay.
The. case of Tucker v. Woods, (12 John. 190,) was decided; on the same principle.
The case of Ketchem v. Evertson,(13 John. 363,)decides, that when, a party engages to execute a deed, his covenant is satisfied .by executing a quit-claim., In that case, Spencer, justice, also says, it may be asserted with confidence, that, a party who has advanced money, or done an act in. part, performance of an. agreement, and then stops short, and refuses to proceed to the ultimate conclusion of. the agreement,, the other party being, ready and willing to proceed and fulfil all his, stipulatiqns according to the contract,, has never been, suffered to recover for what has thus been advanced, or. done.
I forbear fhe.citation of more cases. I have found none of a recovery, where, the party wishing to consider the. contract rescinded,.has not shown a,breach of the contract on the. other side, or what was equal to it.. The,only ground on which- the. defendant, in this case has violated his contract, so. as; to justify the plaintiff in considering it rescinded, is assumed to be, that he took possession,, saying the contract had run out., By this expression, I understand he claimed that by the contract he had. a right to the possession, the, plaintiff having as. he. supposed, forfeited all claim, to, the. land.. If this was his meaning, his acts were supposed by him to be, in. affirmance of the contract, and not in violation of it...
*It is. true, that the defendant was at no. time in a situation to execute a, conveyance, as he had not the title. When the contract was entered' into, the plaintiff knevt *55 that the defendant had. no title; and. i~ depended partly on the plaintiff's fulfilling hi~ cQp~act~ whether the defendant could. procure a title, and; thus. fulfil. his.~ I., apprehend. that fact di4 nqt. excuse t~e plaintiff froni. offering toç perform on his p~. The paym~t ofthe money wa~ a~ondition precedent tq the execu~n of~a d~ed; ~nd. before the plaintiff can, compl~ely put the dç~ei auti~defa~ilt,)~ si~l~1 show a readi~ies~ and an. offer tp p~rforrn on hj~part. Had this bee4 dqne, th~ defendant might, f~or aught w~ can say, have procured. a titJ~ from Mr. Clapp, who, says he was always ready to give one on payment of the amount due.
(Robb u. Montgomery, 20 John. 20.)
In the case of Weaver v. Bentley, the court say the plaintiff has his election either to prosecute on the covenant, or to consider the coyenant as rescinded, and recover back the money paid.. Suppose we test this case by the rule in that; could the plaintiff maintain an. aption on the covenant 1 I apprehend not. On the contrary, according to. the case of Robb.u. Montgomery, the, defendant might have maintained an action upon the coyenant. The. plaintiff therefore was in, default himself and not the defendant.
The motion for- a new trial must be denied.
New trial denied.

 Lutweller v. Linnell, 12 Barb. 515, 516. Connelly v. Pierce, .7, Wen. 131. Hacket v. Huson, 3 id. 250. Fuller v. Hubbard, 6 Cow. 13. Foot v. West, l.Denio, 546.