## HAYNES *vs.* HART.

The law will not allow a party who is wholly in default to recover back money paid in part performance of an executory agreement, if he afterwards breaks it and refuses to go on and perform the residue.

Where, upon the sale of a canal boat, it was agreed that the purchaser should have the use and possession of the boat until default in making payments according to the contract, in which case the vendor might take possession of the boat, and declare the contract void; and upon the default of the purchaser the vendor did declare the contract void, and took possession of the boat; *Held* that the purchaser could not recover back the payments he had made.

THIS was an appeal from an order made at a special term, sustaining a demurrer to the complaint. The complaint set forth an agreement by one Jeremiah Barber to purchase a canal boat of the defendant, to be paid for in installments. Barber was to have the use and possession of the boat until default in making payments according to the contract, and the contract should be declared forfeited by the defendant, and the boat retaken by him; and it was agreed that upon such default the defendant might take possession of the boat and declare the contract void. The complaint alleged that Barber paid part of the installments, but failed to pay others as they fell due; that after such default the defendant declared the contract void, and took possession of the boat; that the plaintiff was the assignee of Barber of this contract; and as such he claimed to recover of the defendant the amount paid him by Barber, upon the contract, before default. The defendant demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*Geo. M. Osgoodby,* for the appellant.

*Strong & Mumford,* for the respondent.

*By the Court,* JOHNSON, J. This case was rightly decided at special term. The money was paid by the plaintiff upon

an executory contract which he afterwards neglected and refused to perform. The sale of the boat was strictly a conditional sale, and no title vested or could vest in the purchaser or his assigns until all the payments were made. The purchaser was to have the right to the use of the boat until he should make default in the payments. The plaintiff is the assignee of the purchaser, and, as the complaint shows, wholly neglected to make the June and July payments in 1861. He had made no payments whatever. The defendant reclaimed the boat by reason of this default, and put an end to the contract, as he was authorized to do, by its express stipulations. He has been guilty of no breach or default, but has acted throughout in entire accordance with the provisions of the contract and in affirmance of it. The law will not allow a party who is wholly in default to recover back money paid in part performance of an executory agreement, who has afterwards broken it, and refused to go on and perform the residue. (*Green* v. *Green*, 9 *Cowen*, 46. *Battle* v. *The Rochester City Bank*, 3 *Comst.* 88.) In the last case cited it was, as in this case, part of the agreement that in case of default by the purchaser in making payments the vendor might at his election rescind the contract. The vendor did rescind for that reason, and it was held by the court of appeals that the purchaser could not recover. The plaintiff cannot recover on the ground of his own breach of the agreement; and the contract does not provide for a repayment of the money paid in part performance, in case of a rescission according to the stipulations of the contract. Nor will the law imply a promise in such a case. To allow the plaintiff to recover back the purchase money paid, in a case like this, would be to offer an inducement to a purchaser to violate his agreement. It would give him the use of the canal boat for a year without compensation, and put it wholly in his power to perform or not at his pleasure. I think no case can be found where a purchaser has been allowed to recover back partial payments after a default in making further payments, when the vendor

has merely kept the property agreed to be sold, or sold it to another, in consequence of such default. In order to entitle a purchaser to recover under such circumstances he must show that the other party has been guilty of some breach on his part, or of some act in hostility to the contract. Here the party fails to get the property bargained for, because he neglected and refused to pay the purchase price, and the owner takes it as he would have had the right to do, without any such provision in the agreement. But the plaintiff or his assignee expressly agreed he might take it in case of a default, and there the contract ends. There is no promise for paying back, and there can be no recovery without, in such a case.

The order of the special term, sustaining the demurrer, must therefore be affirmed.

[MONROE GENERAL TERM, March 7, 1864. *Welles, J. C. Smith* and *Johnson,* Justices.]