## COURT OF APPEALS.

### J. AUGUSTUS PAGE, appellant, agt. PATRICK McDONNELL, respondent.

Where a seller of real estate tenders a deed to the purchaser and demands payment of the balance of the purchase-money, in pursuance of the terms of a written contract between them, the refusal of the purchaser to accept the deed and pay such money upon grounds not tenable, puts it in the power of the seller to put an end to the contract; and when this is done, the purchaser can neither enforce specific performance of the contract, nor recover back the portion of the purchase-money which he has paid. (*This case at general term is reported, ante, page 52.*)

*January*, 1874.

Mr. C. GOEPP, *for appellant.*
Mr. COLES MORRIS, *for respondent.*

GROVER, *J.*—On the 24th of November, 1868, the parties entered into a contract under seal, by which the defendant agreed to sell and convey to the plaintiff, who thereby agreed to purchase, certain premises in the city of New York therein specified, for the sum of $49,000 ; $2,000 to be paid upon the execution of the contract, which was then paid ; $33,000 payable upon the delivery of a deed of the premises, and $14,000, being the amount of a mortgage then upon the premises, which the plaintiff agreed to pay. The contract provided that the plaintiff should pay interest upon the unpaid purchase-money from its date, and that he should receive the rents of the premises from the same time. The defendant covenanted to convey the premises by warranty deed containing the usual full covenants in fee simple, free from all incumbrances except as above, which deed was to be

delivered on the 10th day of February, 1869, at the office of Bemer & Hows, No. 175 Broadway, between the hours of one and two in the afternoon. The defendant attended at the time and place specified for the delivery of the deed with one prepared for delivery, but the plaintiff failed to be there. After the expiration of the time specified for the delivery of the deed, the defendant left the place, and the defendant, Mr. McDonnell, met the plaintiff and tendered him the deed. The plaintiff said it was not right, as there was an assessment, for extending Church street, not paid. This objection was well founded, as there was a small assessment for that purpose, which was an existing lien upon the property. Upon the morning of the next day, McDonnell paid this assessment, procured a receipt therefor, went to the office of the plaintiff and then tendered him the deed, together with the receipt showing the payment of the assessment. The plaintiff refused to receive the deed upon the ground that the premises were incumbered by leases to various tenants, all of which would terminate on the first of May thereafter, and declared himself ready and willing to complete the purchase if these incumbrances were removed. The defendant told the plaintiff he must accept the deed and complete the purchase, or he would put an end to the contract. The defendant proved that these leases were existing at the time of making the contract, and that the property was then held under them by the respective tenants and that these facts were then known to the plaintiff. The latter excepted to the competency of this proof. As the contract provided that the plaintiff should receive the rent of the premises from the time of entering into it, this proof was competent to show what was the rent intended by the parties. It showed clearly that this was the rent reserved upon the existing leases (*Bridger* agt. *Pierson*, 45 *N. Y.*, 601). By the contract the plaintiff was entitled to this rent down to the time of receiving the deed. The leases must, therefore, be continued until that time. The defendant, under the contract, had no right

Page agt. McDonnell.

to procure their determination before the delivery of the deed. This shows that the plaintiff was to take title subject to these leases as well as to the mortgages, the payment of which he had assumed. The defendant agreed to convey the premises in fee simple, except as above. This was an exception of the leases and mortgages. It follows that the existence of the leases furnished no excuse to the plaintiff for the non-completion of the purchase. The defendant then told him that unless he then completed it, he should put an end to the contract. This required prompt action by the plaintiff if he desired its performance. His delay of more than two months from this time before doing anything towards performance, puts an end to his right to specific performance.

The plaintiff further claims that if not entitled to specific performance, he is entitled to judgment for the money he had paid upon the contract. But the defendant was ready and willing, and tendered full performance on his part. The plaintiff neglected and refused to perform on his part, for which reason the contract was terminated by the defendant. Under these facts the plaintiff is not entitled to recover the money he had paid thereon (*Haynes* agt. *Hart*, 42 *Barb.*, 58; *Battle* agt. *Rochester City Bank*, 3 *N. Y.*, 88; *Green* agt. *Green*, 9 *Cow.*, 46; *Ketchum* agt. *Evertsen*, 13 *Johns.*, 359).

The judgment appealed from must be affirmed, with costs. GROVER, J., reads for affirmance; all concur.