HILL *v.* GROSSER & *a.*

Money paid on a contract for the purchase of land cannot be recovered by one who refuses to complete the contract and take a deed, the other party being in no fault.

BILL IN EQUITY, for keeping on foot a discharged mortgage, and for foreclosure.

*C. U. Bell*, for the plaintiff.

*G. C. Bartlett, Cross*, and *Morrison & Bartlett*, for the defendants.

ALLEN, J. The plaintiff bargained with the defendant Anna Grosser for the purchase of the premises, and she signed an agreement to convey, it being understood that he was to assume and pay a mortgage upon the land made by her husband, now deceased, to the defendant Foster. The plaintiff paid one of the mortgage notes and the interest due upon them all, entered into possession of the land, and made improvements. He refused to take a deed when tendered, and abandoned the premises, which were afterwards sold to the defendant Emil Grosser, who gave new mortgages,—one to Foster, who had discharged his previous mortgage, and one to the defendant Anna Grosser. Emil Grosser conveyed the land, subject to the Foster mortgage, to the defendant Theodore Grosser, who now holds the title. The plaintiff, making all those who have been mortgagees or owners of the land parties, seeks to be reimbursed for the amount he paid on the Foster mortgage notes, claims an equitable assignment of that mortgage to that extent, and prays for a foreclosure.

It was understood that the plaintiff was to assume the mortgage as a part of the purchase-money, and that the money paid to the mortgagee was in part payment for the land. The contract having failed through the plaintiff's own fault, and by no fault of the defendants, the plaintiff could not recover the amount paid in part performance. *Lane* v. *Shackford*, 5 N. H. 133; *Ayer* v. *Hawkes*,

11 N. H. 148, 152, 153; *Ketchum* v. *Evertson*, 13 Johns. 365; *Green* v. *Green*, 9 Cow. 46; *Rounds* v. *Baxter*, 4 Greenl. 454. Having abandoned the contract and refused to perform, and not being entitled to recover the money which he has paid, he has no interest to protect, and equity will not uphold the mortgage for that purpose.

Refusing to perform the contract on his part, and standing by and seeing the property sold without claiming title or interest, he is estopped from setting up or making claim under a mortgage, which, to the extent of his claim at least, was understood by the defendants and himself to have been paid. *Thompson* v. *Sanborn*, 11 N. H. 201; *Parker* v. *Brown*, 15 N. H. 184.

*Bill dismissed.*

CLARK, J., did not sit: the others concurred.