sary for the protection of the public health, and must, therefore, be susceptible of immediate and untrammeled exercise, as the exigency of the case may require, the statute is quite as considerate of private right as it should be, and fully meets the demands of justice. It is clearly constitutional, and the court will refrain from interfering with its operation except in cases where an abuse of authority is manifest.

Judgment is ordered for the defendant dismissing the complaint, with costs. Complaint dismissed, with costs.

---

(20 Misc. Rep. 43.)

### GIBB v. REDWAY MANUF'G CO.

(Supreme Court, Special Term, New York County. March, 1897.)

CONTRACTS—RESCISSION—RESTITUTION.

> Plaintiff assigned patent rights to defendant, who agreed to pay the price in stated installments, and stipulated that on default in any payment the contract might, at the option of plaintiff, be terminated, and all rights in and to the letters patent shall be reassigned to him, free from all lien, claim, and incumbrance whatever. *Held* that, in case of a default, plaintiff could compel a reassignment without returning the installments theretofore paid.

Action by William E. Gibb against the Redway Manufacturing Company for specific performance. Judgment for plaintiff.

Knight Bros. (David J. Newland, of counsel), for plaintiff.
Simpson & Werner (Louis S. Phillips, of counsel), for defendant.

PRYOR, J. For the sale and assignment of certain letters patent the defendant agreed to pay $3,000, by installments at stated periods, and stipulated that upon its default in any payment "this contract may, at the option of the said party of the first part, be terminated, and all rights in and to the said letters patent and application for letters patent shall be reassigned to the said party of the first part, free from all lien, claim, and incumbrance whatever." Although not formally averred, it is nevertheless apparent upon the complaint that the plaintiff made an assignment of the patents in fulfillment of his agreement; but the defendant, after payment of two installments of the purchase price, defaulted as to the residue. Thereupon the plaintiff apprised the defendant of his election to terminate the contract pursuant to its provisions, and demanded a reassignment of the patents. The demand disregarded, the plaintiff prosecutes this action for a specific performance of defendant's stipulation to reassign. For answer the defendant insists that the plaintiff may not have back his patents until he makes or offers restitution of the purchase money paid him.

The learned counsel on both sides misconceive the case. Arguing it upon the assumption that there has been a rescission of the contract, counsel for plaintiff contends that, nevertheless, he may have a reassignment of the patents, and retain the money too,—a proposition repugnant to all authority; while counsel for the defendant relies upon the familiar rule that restitution is indispensa-

ble to rescission. So far, however, from proceeding in disaffirmance of the contract, the action is grounded on its provisions, and seeks enforcement of its express stipulation. True, it is terminated, but only henceforth, and without prejudice to the right of recourse to the remedy provided for past defaults. Hurst v. Bookbinding Co., 2 Misc. Rep. 361, 22 N. Y. Supp. 371, affirmed 142 N. Y. 637, 37 N. E. 566. As said by Nelson, J., in Hansbrough v. Peck, 5 Wall. 497, 505–507:

"The vendor has only availed himself of a provision of the contract which entitled him to proceed in a court of chancery, by reason of the default of the purchaser in making his payments, to put an end to it, and be restored to the possession. Indeed, without such clause or reservation, the remedy would have been equally available to him. It is a right growing out of the default of the purchaser, as the law will not permit him both to withhold the purchase money and keep possession and enjoy the rents and profits of the estate; nor will it subject the vendor to the return of the purchase money if he is obliged to go into a court of equity to be restored to the possession. * * * The party who has advanced money, or done an act in part performance of the agreement, and then stops short, and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done."

Conceding a cancellation of the contract by the plaintiff, he may still have a reassignment of his patents without restitution of the payments upon the purchase; the rule being that "the law will not allow a party who is wholly in default to recover back money paid in part performance of an executory agreement, if he afterward breaks it, and refuses to go on and perform the residue." Haynes v. Hart, 42 Barb. 58; Battle v. Bank, 3 N. Y. 88; Green v. Green, 9 Cow. 46; Page v. McDonnell, 55 N. Y. 299; Havens v. Patterson, 43 N. Y. 218, 223; Lawrence v. Simons, 4 Barb. 354; Ketchum v. Evertson, 13 Johns. 359. The reason of the rule, as expounded by Johnson, J., in Haynes v. Hart, supra, is that "to allow the plaintiff to recover back the purchase money paid in a case like this would be to offer an inducement to the purchaser to violate his agreement. It would give him the use of the thing sold without compensation, and put it wholly in his power to perform or not at his pleasure." It is not competent to the court to interpolate a term in a contract, and the rights of these parties are to be ascertained only from their agreement. The defendant engaged that on failure to complete payment for the patents they should be reassigned, but neglected to exact a reciprocal promise from the plaintiff to return the money he had received. The defendant has no equity to relief, for its own willful repudiation of its obligation occasioned the cancellation of the contract, and the loss of which it unjustly complains. The case is clear for an enforcement of defendant's stipulation to reassign unless the contract be unfair or oppressive. But no artifice in its procurement is imputed to the plaintiff; nor, were it a relevant inquiry, can I, without proof, determine that the possession of the patents by the defendants has not been equivalent in value to the partial payments on the purchase. The obligation to reassign is explicit and imperative, and where a case is made for specific performance the court has no arbitrary discretion to refuse it.

Judgment for plaintiff, with costs.