IKE EDELSTEIN, Respondent, *v.* IGNATZ SPIELBERGER, Appellant.

First Department, June 3, 1921.

**Contracts — action to recover balance due on sale of corporate stock — contract providing that on default amount paid on stock shall be liquidated damages — liquidated damages cannot be stipulated where damages are certain — complaint not demurrable for insufficiency.**

A provision in a contract for the sale of corporate stock, payment to be made in installments, that on default of the buyer the amount so paid on the contract shall be considered as liquidated damages, is not of any force for the parties to a contract can only provide for the liquidation of damages in case the damages are uncertain, speculative or difficult of computation; the damages for violation of this contract are certain and capable of exact computation.

Accordingly, the complaint in an action to recover the balance due on said stock which sets out the provision in reference to liquidated damages is not demurrable for insufficiency inasmuch as said provision is ineffectual to foreclose the plaintiff's right to recover the balance due.

LAUGHLIN and GREENBAUM, JJ., dissent, with opinion.

APPEAL by the defendant, Ignatz Spielberger, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of November, 1920, overruling the defendant's demurrer to the complaint.

*Charles H. Herbst,* for the appellant.

*J. M. Poss* of counsel [*Nathan Friedman,* attorney], for the respondent.

PAGE, J.:

The complaint alleges that the plaintiff and defendant entered into an agreement in writing on January 5, 1920, wherein the defendant agreed to purchase from the plaintiff fifty shares of the capital stock of a corporation known as Greenfield Cohen, Inc., then in possession of the plaintiff,

and fifty shares of the stock of the same company contracted for by the plaintiff but which had not been at that time delivered to him, in consideration of the sum of $10,750 to be paid $1,000 on January 5, 1920; $4,000 on or before January 15, 1920; $5,000 on or before February 15, 1920; and $750 by delivering a promissory note payable on or before March 15, 1920. By the terms of the agreement which is annexed to the complaint and made a part thereof, it was provided as follows:

"*Second.* It is agreed that until final payments are made in pursuance to the terms of this contract, that the certificate of stock for fifty (50) shares of stock now owned by the party of the first part shall be deposited with Nathan Friedman, of 309 Broadway, New York City, endorsed in blank, to be held by the said Nathan Friedman until the final payments are made by cash and note, at which time, upon such final payments, the said stock shall be turned over to the party of the second part, and at which time, the party of the first part will execute an assignment of his claim to the other fifty (50) shares of stock above mentioned, to the said party of the second part."

"*Fifth.* It is agreed that in the event of the failure of the party of the second part to make any of the payments provided for herein, then and in that event, the monies already paid on account shall be retained by the party of the first part, as and for liquidated damages, and the stock owned by him shall continue to be his sole property and the party of the first part may enforce any and all rights which he has under and in pursuance to the agreement of April 19th, 1919."

The complaint then alleges that the plaintiff received on account of the purchase price of said shares the sum of $5,000, and that the defendant failed and refused to pay $5,750 although duly demanded and although the said stock was duly tendered, together with an assignment of the plaintiff's rights to the fifty shares of stock not yet owned by him, and that plaintiff otherwise duly performed all the terms, covenants and conditions of the agreement on his part to be performed; and that shortly after the 15th day of February, 1920, a petition in bankruptcy was filed against said Greenfield Cohen, Inc., and thereafter the assets of said corporation were sold

to satisfy the claims of creditors, and the stock became totally worthless. Judgment is demanded for $5,750. The defendant demurred to the complaint on the ground of insufficiency.

The claim of the defendant is that under the 5th paragraph of the agreement above set forth, upon the failure of the defendant to perform the contract on his part by making the payments in accordance with the contract, the plaintiff is entitled to retain any moneys paid as liquidated damages, and that, therefore, it appears upon the face of the complaint that the plaintiff has no cause of action to recover the balance due. It is true that the agreement so provides, but the parties to a contract can only provide for the liquidation of damages in case the damages are uncertain, speculative or difficult of computation; and where the contract calls for the sale of personal property, payment to be made in installments, and certain installments are paid on account, and the defendant defaults on subsequent payments, the damages are certain and liquidated by law. It is not necessary or proper for the parties to provide for the forfeiture of the amount already paid as liquidated damages. The damages in this case are certain and capable of exact computation and are not speculative.

The order should be affirmed, with ten dollars costs and disbursements.

DOWLING and MERRELL, JJ., concur; LAUGHLIN and GREENBAUM, JJ., dissent.

LAUGHLIN, J. (dissenting):

It is also recited in the agreement upon which this action was predicated that on the 19th of April, 1919, an agreement was made between the plaintiff herein and one Isaac Cohen and the defendant, by which Cohen and the defendant agreed to sell and deliver to the plaintiff one hundred shares of the capital stock of Greenfield Cohen, Inc., and that fifty shares of the stock had been fully paid for and delivered to the plaintiff and that the remaining fifty shares were to be delivered to him upon certain payments made and to be made by him to them and that the defendant was desirous of purchasing the fifty shares, which had been paid for and

delivered to the plaintiff and all of the plaintiff's rights to the remaining fifty shares for which plaintiff had paid in part but which had not been delivered to him. This is an action on the contract made between the plaintiff and defendant on the 5th of January, 1920, to recover the balance of the purchase price of the stock which the defendant by that contract agreed to pay. As I construe the 5th paragraph of that agreement, quoted in the opinion of Mr. Justice PAGE, in the event that the defendant failed to make any of the payments which it was therein provided he should make, it was agreed that the stock should remain the sole property of the plaintiff and that the defendant should forfeit to the plaintiff as liquidated damages all moneys theretofore paid on account of the purchase price of the stock and that the plaintiff might enforce any and all rights which he had under and pursuant to the agreement of April 19, 1919, to which reference has been made, which was not to be deemed abrogated by the later agreement of January 5, 1920, unless there was full performance thereof by the defendant. Defendant having failed to make all of the payments as provided in the agreement of January 5, 1920, forfeited his right to acquire the stock thereunder; and being thus guilty of a breach of the contract, he could maintain no action thereon either for the recovery of the stock or of the payments which he had made on account of the purchase price thereof. (*Page v. McDonnell*, 55 N. Y. 299; *Lawrence* v. *Miller*, 86 id. 131; *Chaude* v. *Shepard*, 122 id. 397.) By this agreement, therefore, the parties merely stipulated their legal rights with respect to the stock in the event of a breach of the contract by the defendant in accordance with settled law applicable to such a breach. I think that the effect of the agreement was to relieve defendant from making any further payment for the stock in case he made default and that in that event the plaintiff was relieved of any obligation with respect to selling and delivering the stock to the defendant under that agreement of April 19, 1919. As I view the case, it was optional with the defendant whether to continue making the payments and thereby acquire the right to the delivery of the stock to him or to forfeit such right by defaulting with respect to all, and in that event plaintiff could maintain no action against

the defendant for the balance of the purchase price. That is the sole point presented for decision on this appeal for I think we are not now concerned with the validity of the stipulation of the parties to the effect that the plaintiff might retain all payments made by the defendant as liquidated damages. I am of opinion, therefore, that the complaint fails to state a cause of action and that the demurrer thereto on that ground was well taken and should have been sustained and that the order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

GREENBAUM, J., concurs.

Order affirmed, with ten dollars costs and disbursements.