### STEMMONS v LYNCH et al.

No. 20949. Opinion Filed June 28, 1932.

Yancey, Spillers & Fist, for plaintiff in error.

Ellis A. Robinson and Quincy J. Jones, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Tulsa county in rendering the following judgment:

"On this 7th day of December, 1928, this cause comes on for hearing in its regular order, the plaintiff appearing by his attorneys, Bailey E. Bell and Frank Hickman, and the defendants R. E. Lynch and Grace L. Lynch appearing by their attorneys, Robinson & Jones.

"The parties respectively announced ready for trial, make their opening statements, adduce their evidence and rest.

"The court after having heard a part of the evidence of the parties, the hearing of the cause was then adjourned by the court to December 11, 1928, for further testimony.

"And now on the 11th day of December, 1928, the hearing of said cause having been resumed and evidence having been adduced by each of the parties, respectively, and arguments of counsel having been heard and the cause having been finally submitted to the court, the court upon consideration thereof finds for the defendants upon the issues of cancellation and quieting title.

"The court further finds that under the evidence there are credits against the defendants in favor of the plaintiff in the total sum of $2,756.73, and that there are credits against the plaintiff in favor of the defendants in the total sum of $992.36 leaving a net amount due to the plaintiff of $1,764.37, which amount the court finds the defendants should pay before being entitled to a conveyance to them of said property.

"It is therefore considered, ordered, adjudged and decreed, that the petition of the (sic) for cancellation of the contract described in the plaintiff's petition, the same being a contract between the plaintiff and the defendants R. E. Lynch and Grace L. Lynch covering the following described real estate, be denied:

"Starting at a stake 663 feet south of corner stone (Buried) in the northeast corner of section 5, township 19 north, range 12 east and 25 west of section line, thence west 395 feet to a stake, thence south 300 feet, thence east 395 feet, thence north 300 feet to a point of beginning. a plot of ground containing three (3) acres more or less.

"It is further ordered, adjudged and decreed that the defendants R. E. Lynch and Grace L. Lynch are indebted to the plaintiff in the total sum of one thousand seven hundred sixty-four and 37/100 dollars ($1,764.37) and that the said defendants be required to tender into court for the use of the plaintiff herein within_____ from this date, and that the plaintiff upon the acceptance of said tender shall execute and deliver a good and sufficient warranty deed conveying the title to the premises covered by said contract and described as above set forth to the defendants R. E. Lynch and Grace L. Lynch.

"It is hereby ordered, adjudged and decreed that after the making of said tender the title of the defendants R. E. Lynch and Grace L. Lynch be quieted as against any claim of right, title, interest or estate upon the part of the plaintiff or any one claiming under him since the commencement of this action.

"It is further ordered that the costs of this action be taxed against the plaintiff.

"To all of which the plaintiff excepts.

"R. D. Hudson, Judge of the District Court."

Complaint is made by the plaintiff and assignments of error are made of the court's action in overruling the objections to introduction of testimony, and refusing evidence except as to the accounting, and the court's refusal to be bound by a former decree in the case, and that the decision of the court is not sustained by sufficient evidence, and errors of law occurring at the trial excepted to by the plaintiff. and error of the court in overruling the demurrer to the evidence of the defendant, and error of the court in refusing the motion for judgment for plaintiff at the close of the evidence, and error of the court in overruling plaintiff's objections to the introduction of the evidence at the commencement of the trial. and error of the court refusing a new trial on account of newly discovered evidence. and error of the court in refusing to require the defendant Lynch to account for royalties sold and for royalties collected, and also for refusing to require the defendant Lynch to account for pro rata share bonus, and error of the court in failing to allow interest from the 1st of March to the present time, and there is an affidavit attached to the assignments of error to the effect that affiant had received information from the First National Bank of Tulsa that it had no record of Lynch's getting a $2,100 draft from it, as he had testified on the trial, and complaint is made of overruling the original motion for new trial, and the supplemental motion.

The case-made shows that the case formerly was tried in the lower court, and judgment rendered in the year 1924 canceling the contract involved and decreeing an accounting, the trial starting on the 28th of May, 1924, and the canceling of the contract occurring on the 1st of August, 1924, and decreeing an accounting between the

parties, and the later judgment on the accounting being entered on the 13th of September, 1924, and decreeing to the defendant the sum of $1,400 and making it a lien upon the land involved in the contract with an order for execution if the money was not paid in 20 days. This was followed by motion for new trial by the plaintiff, and an appeal to this court. The plaintiff having briefed, and the defendant not briefing, the case was reversed with directions for a new trial. Stemmons v. Lynch, 122 Okla. 107, 251 P. 1118. The language of the mandate in the case, No. 16991 in this court, omitting the formal parts, is as follows:

"Whereas, the Supreme Court of the State of Oklahoma, did on the 14th day of December, 1926, render an opinion in the above entitled cause, appealed from the district court of Tulsa county,

"Reversing and remanding the judgment of the trial court:

"Now, therefore, you are hereby commanded to cause such reversal to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion."

The Per Curiam opinion, aside from the formal parts, is as follows:

"Upon authority of Ellis v. Outler, 25 Okla. 469, 106 P. 957, this cause is reversed and remanded for a new trial for failure of the defendants in error to file a brief as required by rule seven of this court."

A motion for judgment on this mandate was filed in the lower court, and it vacated and set aside the order made on the 1st of August, 1924, directing an accounting by plaintiff to defendants and also the judgment of the 23rd of May, 1925, decreeing $1,400 to be paid by plaintiff. Amendments were made to the pleadings on behalf of the defendants below and a trial was had on the entire case, the court holding that the burden was on the defendants to justify the nonpayment of the contract price, and on behalf of plaintiff objection was made, for the purpose of preserving the record, to the introduction of any evidence by the defendant, "in so far as his rights under the contract or his rights to the property under the contract are concerned have been adjudicated heretofore by the judgment of this court and are res adjudicata."

The case was practically tried anew, resulting in the judgment that is heretofore set out, all parties testifying as to the entire transactions had between them under the contract. Supersedeas bond was given by the plaintiff in error, and it appears that by virtue of a writ of assistance he got possession of the place. Just what took place under the proceedings in the Supreme Court during the time that they were waiting to get its judgment on the mandate and its proper construction, the case-made does not show, and neither does the brief of the plaintiff in error show. Being, however, a record in this same case when it was here before, we take it for granted that the recital, contained in the brief of the defendant in error as to what took place on the applications that were made to this court, is correct. We quote from page 18 of that brief as follows:

"* * * On objection of the plaintiff the said trial judge postponed the hearing to enable him to apply for relief to the Supreme Court. Taking advantage of the opportunity thus afforded, the plaintiff filed his motion in said cause numbered 16991 in this court for an order nunc pro tunc correcting the previous order reversing and remanding the cause for a new trial, but making such order to read that the judgment reversed was solely a money judgment on the accounting instead of the entire judgment as the trial court understood it. After a full presentation of facts and authorities this court on June 19, 1928, entered its order denying such motion. Then the cause having been reassigned, for trial of the entire case before Judge Hudson, the plaintiff again resorted to this court and sought to prevent such trial by means of a writ of prohibition against Judge Hudson. In this proceeding the very same issues were involved and the same contentions made. After a full presentation of facts and authorities, including oral argument this court on October 30, 1928, denied plaintiff's petition for prohibition. The cause having again been assigned for trial in the trial court, trial was had and decree entered."

Whether rightly or wrongly, these orders were made denying the prohibition and refusing to enter the order that was asked for "nunc pro tunc," it is not necessary to discuss in detail, as these matters appear to have been settled, so far as this case is concerned, by the action of this court, and the lower court's action in reviewing the entire case we think therefore, is in accordance with the law of the case and we should not disturb the finding on that account.

Coming to the merits of the case and the grounds relied upon, the first proposition, as to the original judgment we think is sufficiently disposed of with what has heretofore been said. Under the former decision the property, subject to a lien in favor of the defendant, was to belong to the plaintiff. Under the present decision, the property is to belong to the defendant up-

on his paying the amount due on it as found.

A great many cases have been cited upon the proposition of the rights of the parties where partial payments have been made on the sales of land by executory contract. Some of the decisions are fair, apparently, on the face, and there is a divergence between them, but every case seems to stand on its own peculiar features in cases of that character. In the first instance the court worked out the equity by a cancellation of the contract, which kept the title in the original owner and fastened upon it a lien for the balance that was paid by the defendant, after making certain allowances. This was not satisfactory to the plaintiff, as he evidently wanted the land and the money both, and so he appealed to this court, with the results that have heretofore been indicated.

On the second trial the court undertook to carry out the contract by decreeing that upon receipt of so much money the plaintiff below should make a deed to the defendant, and the plaintiff is not satisfied with that and is now appealing, and asks us to reverse the case on the "res adjudicáta" idea, which is disposed of above, and upon the general principles of law.

The evidence in this case shows that the defendant, at all times, was endeavoring to pay off the claim and get title to the property, and even went so far as to claim that he had made a full tender to an agent of the plaintiff of the balance due and some more added, but that the agent would not take it. In this trial he testified that he had made that tender by means of certain drafts gotten from a bank, and the plaintiff, in order to displace the judgment, undertakes to make a showing that the records of the bank did not show drafts for the amount. We do not think that this newly discovered evidence would be sufficient to warrant a reversal of this case, as all parties conceded that a tender of the approximate amount was actually made.

Evidently the theory of the plaintiff is that the court erred in carrying out the contract and finding the balance due, and decreeing that upon that payment the defendant was entitled to a deed, the plaintiff in error claiming that he was entitled to hold the land without claim thereon for amounts paid and without repayment, basing it upon the ground of forfeiture. Forfeitures are generally abhorred in a court of equity, and our statutes come to the aid of the conscience of the chancellor on those lines.

Extracts are taken from various cases, but, as stated above, every case in a matter of this kind is practically determined by its own peculiar facts. As disclosed by this record, the defendant below paid all he could pay, and as fast as he could pay, and claimed that he tendered all that was due. We do not deem it necessary to go into detail as to the testimony as to who was believable, as the court below saw the parties and heard their testimony, and the judge had a right to believe as he found, under the record in this case.

We think the Supreme Court of the United States, in a case referred to in some of the briefs, has about as well stated the law applicable in a case of this kind as it could ordinarily be stated. The case is Hansbrough v. Peck, 72 U. S. 497, 18 L. Ed. 523, from which we quote the following extract:

"In case of a default in the payments, there are several remedies open to the vendor. He may sue on the contract and recover judgment for the purchase money, and take out execution against the property of the defendant, and among other property, the lands sold; or he may bring ejectment, and recover back the possession; but in that case, the purchaser, by going into a court of equity within a reasonable time and offering payment of the purchase money, together with costs, is entitled to a performance of the contract; or the vendor may go in the first instance into a court of equity, as in the present case. and call on the purchaser to come forward and pay the money due, or be forever thereafter foreclosed from setting up any claim against the estate. In these contracts for the sale of real estate the vendor holds the legal title as a security for the payment of the purchase money, and in case of a persistent default, his better remedy, and under some circumstances his only safe remedy, is to institute proceedings in the proper court to foreclose the equity of the purchaser where partial payments or valuable improvements have been made. The court will usually give him a day, if he desires it, to raise the money, longer or shorter. depending on the particular circumstances of the case, and to perform his part of the agreement.

"This mode of selling real estate in the United States is a very common and favorite one, and the principles governing the contract both in law and equity, are more fully and perfectly settled than in England or any other country. The books of reports are full of cases arising out of it, and every phase of the litigation repeatedly considered and adjudged. And no rule in respect to the contract is better settled than this: that the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party

being ready and willing to proceed and fulfill all his stipuations according to the contract, will not be permitted to recover back what has thus been advanced or done. Green v. Green, 9 Cow. 46; Ketchum v. Evertson, 13 Johns. 346; Leonard v. Morgan, 6 Gray, 412; Haynes v. Hart, 42 Barb. 58."

We think the lower court in this case followed what was laid down for it to follow by the various rulings of this court on the subject of "res adjudicata." and that its finding is sustained by the evidence, and under the principles of law should have been made as it was, and we would not be warranted in reversing this case.

The case is accordingly affirmed, and the costs of the appeal will be taxed to the plaintiff in error.

HEFNER. CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1) annotation in L. R. A. 1918B, 545; 59 A. L. R. 202; 27 R. C. L. 625; R. C. L. Perm. Supp. p. 5985; R. C. L. Pocket Part, title Vendor and Purchaser, § 379.