ERNEST J. PIRMAN, Appellant, *v.* ALLAN A. KURTZ et al., Respondents.

Third Department, December 28, 1943.

*Ernest J. Pirman,* attorney for appellant.

*Maurice V. Seligson,* attorney for respondents.

BLISS, J. This appeal comes to us on a shortened record after a trial by the court without a jury. The appellant does not question the facts as found by the trial court but claims that they do not support the conclusion and judgment which directed that Kurtz and Wynroth, the plaintiffs-respondents in action No. 2, recover of the defendant Ernest J. Pirman the sum of $500, with interest. If the findings of the trial court are contradictory, those most favorable to the appellant must be adopted on this appeal. (*Schwinger* v. *Raymond,* 83 N. Y. 192; *Bonnell* v. *Griswold,* 89 N. Y. 122.) It is necessary to review the findings.

This is an action by the vendees against the vendor for breach of a contract for the sale of real estate and personal property consisting of a camp and equipment in the Adirondack Mountains. The trial court's decision describes it thus: " It was a venture which, among other things, involved the purchase of a campsite and property for a large number of children at a price ranging somewhere between $55,000 and $60,000, and their [Kurtz and Wynroth's] down payment was only $500. They then defaulted in making their next payment of $2,000 which became due the following April 1st. And while this default, at the time of the controversy of July 3rd and 4th, had until then been overlooked, it does not appear to have been legally waived by Pirman, the vendor. On those days Kurtz and Wynroth fully renounced any further obligations on their part under their contract notwithstanding that not until thereafter and on July 10th could Pirman be charged with a breach of readiness to perform. Thus, I find that their own defaults and disregard of their own obligations of the contract preclude their recovery of any damages for any breach by Pirman, save only the recovery of their initial payment of $500 which, in my opinion, they are entitled to, with interest and without costs."

Certain improvements which Pirman, the vendor, had agreed to make by July 10, 1938, to which date performance had been extended, were not completed on that day. As to this the trial court found that " Kurtz and Wynroth also breached their engagements in various ways and in such a manner as to have, to some extent, doubtless precipitated the breach by Pirman." The latter had apparently made " earnest endeavors to keep his engagements under the contract," but Kurtz and Wynroth,

according to the trial court, might '' not be excused for their palpable neglect of and a grossly incompetent attention to a duty which was strictly theirs to perform.'' The '' reason why the camp premises were legally uninhabitable on July 2, 1938, was due as much to their neglect as to Pirman's, if, in fact, not more.'' They did not carry the burden which had been placed upon them and the incompleteness in the improvements was '' relatively trivial and not the cause for the permit not having been issued by the proper authority.'' Finally the trial court found not only that Kurtz and Wynroth took possession of the camp in its incompleted state, but also that there was insufficient evidence that Pirman could not and would not have completed his performance by July 10th (the extended date) had they held him to their agreement and not abandoned their project.

It is firmly settled in our jurisdiction that one who has failed to perform his part of an executory contract of sale may not recover the money he has paid thereon. (*Page* v. *McDonnell,* 55 N. Y. 299; *Lawrence* v. *Miller,* 86 N. Y. 131. See, also, Restatement, Contracts § 357, subd. 2 and Whiteside's N. Y. Annotations thereto.) The vendees, Kurtz and Wynroth, who were then in default on their payments under this contract, were not entitled to recover back the $500 which they had previously paid on the purchase price.

That portion of the judgment appealed from should be reversed on the law, with costs to the appellant against the respondents in this court and in the court below.

All concur.

The portion of the judgment appealed from is reversed on the law, with costs to the appellant against the respondents in this court and in the court below.